LEONARD G. McDONALD v. ALEXANDER McDONALD, WILLIAM A. BOOTH ET AL.

*Foreclosure—Petition to be allowed to answer—Title—Costs.*

Where a defendant brought in by publication, petitions to be heard, his right to be admitted to answer the complainant's bill on payment of costs (Comp. L., § 5127) is absolute; his equities cannot be decided on affidavits opposing his petition, or in any way except in a hearing on the merits.

A foreclosure bill necessarily puts the defendant's title into the controversy; he can only be impleaded on the ground that he has or claims title. And the foreclosure would fail if one who claims title should be omitted.

Where a complainant in foreclosure is confident that a defendant has no interest, there is nothing to prevent his discharging him from the suit, but so long as he is kept on the record, he has a right to be heard.

Charges for the traveling of a party and for sundry expenses cannot be included in the legitimate costs of a suit.

Appeal from Delta. Submitted October 28. Decided November 10.

FORECLOSURE. Defendant Booth appeals. Reversed.

*Gibson & Parkinson* and *Brennan & Donnelly* for complainant.

*Ed. E. Kane*, for defendant appellant. The rights of a non-resident defendant brought in by publication and appearing in the case by petition, cannot be tried upon affidavits, but he may answer. *Bailey v. Murphy* Walk. Ch. 308; *Evarts v. Becker* 8 Paige 508; *Hartwell v. White* 9 Paige 368; *Jermain v. Langdon* 8 Paige 41.

CAMPBELL, J. The bill in this cause was filed in the county of Delta, to foreclose certain mortgages. The bill was filed June 19, 1877, and the defendant Booth was advertised as a non-resident, and never served with process. His

default was entered and a final decree rendered. The bill contains distinct averments, showing the title of the lands to have become regularly vested in Booth by record conveyance.

In March, 1880, the decree not having been carried out by sale, Booth filed his petition and noticed a motion for leave to appear. The complainant was allowed to introduce his own affidavit, to the effect that Booth had told him that he had no personal interest in the premises, and had only held them for the benefit of another defendant, and setting up various dealings and statements which were intended to show the want of equity in Booth's claim to defend. Booth's petition was accompanied by some affidavits indicating his position, but the circuit court refused to allow him to come in. From that order he appeals.

By section 5127 of the Compiled Laws, it is provided that, except in divorce cases, any defendant brought in by publication may petition to be heard, and "the party so petitioning shall be admitted to answer the complainant's bill, upon paying or securing to be paid such costs as the court shall adjudge."

This provision is positive and unqualified, and the right is absolute. The court has no power to decide defendant's equities on affidavit, or in any way except in a hearing on the merits. The title of defendant is necessarily put into the controversy by the bill. In the present case, complainant has gone so far as to aver its precise character. It is only because of an averment that he had or claimed title, that complainant could be justified in impleading him. If having title he should be left out, the foreclosure would fail.

If complainant is confident that Booth has no interest, there is nothing to prevent his discharging him from the suit. But so long as he is kept on the record he has a right to be heard.

The complainant undertook by way of enhancing the conditions of appearance to swear to a series of outlays and expenses amounting to $1915. Of these only $15 was for expenses of witnesses, and $1700 for trips of himself and others to various places, which were apparently conducted on

a very liberal basis. A further item was $200 for sundry expenses not specified.

Such charges have nothing to do with the legitimate costs in a cause and cannot be considered. It is difficult to imagine how the costs in a foreclosure suit can involve any large additional expense on account of this defendant. We shall allow him to come in on condition of paying fifty dollars. But as he has prevailed on this appeal, we shall grant him the costs of this court to be set off, so that if less than fifty dollars, he may pay the balance in thirty days after notice of this order, and if more, he shall have execution therefor.

An order will be granted reversing that of the circuit court, and allowing him to come in and be heard in the foreclosure suit on these terms.

The other Justices concurred.