### COFFIN v. ONTONAGON CIRCUIT JUDGE.

1. PROCESS — SUBSTITUTED SERVICE — OPENING DECREE — PARTY ENTITLED.

   The grantee of a defendant in a suit to quiet title is a "representative" within section 496, 1 Comp. Laws, and as such entitled to appear and defend where jurisdiction is founded on publication.

2. SAME—OPENING DECREE—ORDER—ERROR—MANDAMUS.

   Mandamus will not lie to compel the setting aside of an order opening a decree and allowing the grantee of the defendant to appear and defend merely because it improperly admits also the defendant, who has parted with his interest.

3. SAME—NOTICE TO COMPLAINANT.

   The right of a party or his representative to appear and defend after the passing of a decree founded on substituted service ( § 496, 1 Comp. Laws) is absolute, and is not conditioned on notice to complainant, or his grantees, or assignees.

4. MANDAMUS—PROPRIETY—JURISDICTIONAL QUESTIONS.

   Mandamus will not lie to review an order of the circuit court in chancery opening a decree founded on substituted service and admitting interested parties to appear and defend, since chancery practice affords better means for reaching equitable results than are to be found in legal proceedings.

Mandamus by Benjamin Howard Coffin to compel Norman W. Haire, circuit judge of Ontonagon county, to set aside an order admitting certain persons to appear and defend after a decree pro confesso on substituted service had been entered. Submitted February 7, 1905. (Calendar No. 20,902.) Writ denied June 8, 1905.

*Chadbourne & Rees*, for relator.

*Ball & Ball*, for respondent.

MONTGOMERY, J. About February 14, 1898, the relator, Benjamin Howard Coffin, and Charles Winthrop

Coffin filed their bill in the circuit court for the county of Ontonagon, alleging that they were the owners of the north-west quarter and the southeast quarter of section thirty (30), in township fifty (50) north, of range thirty-nine (39) west, in Ontonagon county, the title to which had come to them by will from their father, G. Winthrop Coffin, then deceased; that the title thereto was acquired by said G. Winthrop Coffin by sheriff's deed on execution sale issued against the Victoria Mining Company, which company was alleged to be the owner of the land at the time of the levy and sale; that the title of said Victoria Mining Company to the undivided eight-twentieths of the land was acquired by deed dated October 10, 1866, from one Sarah N. Broughton, who, it was alleged, was then the owner of said eight-twentieths; that the deed of said Sarah N. Broughton had been lost without being recorded, and the complainants prayed for a decree establishing the deed and quieting their title to the said eight-twentieths.

A large number of parties were made defendants, being legatees under the will of said Sarah N. Broughton, who had died before the filing of the bill. Among the parties defendant to said bill were Laura J. Watkins, Broughton Buzzo, and Joseph Buzzo, who were nonresidents of the State, and resided in the State of California.

No personal service was had on said defendants, and an order of appearance was obtained and jurisdiction over them was acquired only by publication of the order pursuant to the statute.

After the time specified in the order for their appearance had elapsed, the bill was taken as confessed, and a decree was entered in favor of the complainants July 6, 1898. No notice of the entry of this decree was ever served on the defendants. By this decree it was adjudged that said Sarah N. Broughton made the deed as alleged in the bill, and also it was specially adjudged that at the time of the execution of said deed she was the owner in fee of said undivided eight-twentieths of said lands.

The defendants Laura J. Watkins, Broughton Buzzo,

and Joseph Buzzo claim to be the owners of an undivided interest in said lands, not through the will of Sarah N. Broughton, but under the will of one Shebuel H. Broughton; that the title to the lands was in Samuel H. Broughton, who died in 1860, seised of such title, leaving said Sarah N. Broughton, as his widow, and Shebuel H. Broughton, his father, surviving him, and without issue; and that the title to said land interest became vested in said Shebuel H. Broughton by inheritance from said Samuel H. Broughton, subject only to the life estate of the widow, and that the widow, by her deed, if she made it, conveyed nothing more than her life estate in said eight-twentieths. It becomes important, therefore, for the defendants named to appear and defend before the decree becomes absolute, and so becomes a final adjudication that the title to this land was in Sarah N. Broughton at the time she gave the alleged deed. They conveyed their interests in the lands to Ancil J. Rich, who also acquired the title to the remainder of said eight-twentieths.

June 2, 1904, Rich filed a petition in the circuit court for the county of Ontonagon asking that the decree be opened and set aside, and he be allowed to defend, the seven years allowed by the statute therefor not having elapsed. A notice of that petition was served upon Messrs. Chadbourne & Rees, solicitors for the complainants in the case. The application was resisted by Benjamin Howard Coffin, one of the complainants, by the same solicitors, on various grounds, and, among others, on the ground that Rich was not a representative of these defendants, and had no right under the statute to appear and defend. The court, however, on the 7th of June, made an order admitting said Rich to appear as a defendant in said case, unless cause be shown to the contrary within 15 days after service of notice of the order by registered mail upon said complainants. Such service was made by letter addressed to them at their supposed place of residence, and was actually received by the complainant, Benjamin Howard Coffin. Said Coffin applied to have the order

set aside as improperly issued, and before the hearing of said application a second petition was filed, Ancil J. Rich, Laura J. Watkins, Broughton Buzzo, and Joseph Buzzo joining therein. The application to set aside the first order and also the second petition came on for hearing before the court October 10, 1904, notice of the second petition also having been given to Messrs. Chadbourne & Rees, as solicitors for the complainants, no substitution of solicitors ever having been made. Accompanying the second petition was a proposed answer, setting forth, among other things, the facts above mentioned by way of defense to the bill. On the hearing the court set aside the order of June 7th for the reason, as stated by the court, that said order did not provide for the securing of costs to the complainants, and on the second application the court at the same time, reciting the facts, ordered that said Ancil J. Rich be admitted as a defendant in the case, and the petitioners Rich, Watkins, and the two Buzzos be admitted to answer the complainants' bill and to defend; and also directed that a copy of the proposed answer and the petition, together with a copy of the order, be served upon the complainants personally, if they could be found by reasonable diligence; and, if not, notice be served by publication, and that after such service the cause proceed as if the petitioning defendants had appeared in due season, and no decree had been made in the case. It also provided for security for costs, which security was given in accordance with the order. A petition is now made by said Benjamin Howard Coffin for mandamus requiring the judge of said court to set aside this last-mentioned order.

The grounds on which the application is made, and upon which it is claimed the order is erroneous, are as follows:

(1) That Ancil J. Rich is not entitled to appear and defend, because he is not, within the meaning of the statute, a "representative" of the defendants Watkins and Buzzo.

(2) That the defendants Watkins and Buzzo cannot be

heard to appear and defend, because they have parted with all their interest in the subject-matter.

(3) That such order could not be made except after due notice to the complainants, which notice should be given personally, because, as it is claimed, the solicitors' authority to accept or receive such notice terminated with the entry of the decree, or at least that their authority as solicitors had ceased before the petition was filed.

(4) In the showing made by said Benjamin Howard Coffin against the order that was made on the first petition it was urged that "the lands which were the subject of the decree of July 6, 1898, have been conveyed to the Victoria Mining Company, a corporation organized under the laws of the State of Michigan, since the making of said decree, and in reliance upon the same," and it was therefore urged that, that fact appearing to the court, no order could be made admitting the petitioners to defend without notice to the Victoria Mining Company.

1. The statute authorizing such appearance and defense after decree on substituted service is found in sections 496 to 498 of the Compiled Laws of 1897, and is as follows:

"SEC. 496. If the defendant against whom such decree shall have been made, unless such decree shall be a decree of divorce, or his representatives, shall afterwards appear and petition to be heard, the party so petitioning shall be admitted to answer the complainant's bill upon paying or securing to be paid such costs as the court shall adjudge, and the suit shall then proceed in like manner as if such defendant had appeared in due season and no decree had been made.

"SEC. 497. The defendant, or his representatives, must so appear within one year after notice in writing of the decree shall have been given to him or them, and within seven years after the making of the decree, when such notice shall not be given.

"SEC. 498. If the defendant or his representatives shall not so appear within one year after such notice shall have been given, and if not given, before the expiration of seven years after the making of the decree, the court shall then by order confirm the decree against the defendant and against all persons claiming under him by virtue of any act subsequent to the commencement of the suit, and may make such further order in the premises as shall be just and reasonable."

It is contended that the purchaser from the defendants Watkins and Buzzo is not their representative within the meaning of this statute. That no one but a legal representative is within the terms of the statute. It is also urged in the same connection that Watkins and Buzzo have, by parting with their title, disabled themselves from appearing. If both contentions are allowed, the complainants' title resting upon this ex parte decree becomes absolute by reason of a transfer of defendants' interest, made without knowledge of the decree, and what was before a voidable decree becomes conclusive without any intentional waiver. In other words, the attempt of Watkins and Buzzo to convey to Rich operates to confirm the title of complainant, and has no other operation. We should so construe the statute as to read this result only when convinced that no other reasonable interpretation is open. We are not impressed that this is the case with the present statute; on the contrary, we think the word "representative," as here used, is broad enough to include a grantee who by a grant becomes and is the representative of the title, and, in a sense, of the grantors. While the term "representatives" is generally employed to designate the executor or administrator of a deceased person, it is often given a broader meaning, and has been held to include an assignee when such construction conforms to the manifest intention. 18 Am. & Eng. Enc. Law (2d. Ed.), p. 813, *Louisville Trust Co.* v. *Kentucky Nat. Bank*, 87 Fed. 143; *New York Mut. Life-Ins. Co.* v. *Armstrong*, 117 U. S. 591; *O'Neale* v. *Caldwell*, 3 Cranch (U. S.), 312; *Davis* v. *Davis*, 26 Cal. 37; *Plummer* v. *Brown*, 64 Cal. 429.

2. Being satisfied that the petitioner, Rich, is entitled to appear, it is hardly necessary to add that we would not interfere by mandamus to arrest proceedings, even if convinced that the original defendants were not necessarily entitled to appear.

3. As to the criticism of want of notice, we agree with the contention of respondent's counsel that, as the right to

appear and defend is absolute, and conditional only on the applicant paying, or securing the payment of, costs, no previous notice is necessary. Notice of subsequent steps must, of course, be given, but the order admitting defendant to appear is not irregular for want of notice:

Mandamus is denied.

MOORE, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.

HOOKER, J. I concur in the opinion of Mr. Justice MONTGOMERY, and think that the writ should be denied for the further reason that relator has sought an improper remedy. Persons claiming to be interested asked leave to be made parties to a proceeding affecting property. Upon a hearing the court determined that they were entitled to intervene. As to some of them, at least, the right depended upon questions of fact. Aside from the question of the right to review jurisdictional questions in chancery summarily, during the pendency of the cause, by proceedings legal in their nature, rather than equitable, there is no more apparent reason for reversing an order of this kind in such a way than there would be in allowing a defendant to invoke such remedy to vacate an order denying a motion to quash or dismiss a bill as to defendants claiming to be improperly brought in by subpœna. After the final hearing any injustice can be corrected upon appeal. Chancery practice affords better means for reaching equitable results than are to be found in legal proceedings, and where a court of equity decides to give an opportunity for a hearing there should be no interference by mandamus proceedings.

MOORE, C. J., and CARPENTER, MONTGOMERY, and OSTRANDER, JJ., concurred.