McDOWELL *v.* MECOSTA CIRCUIT JUDGE.

1. EQUITY—DECREE — JUDGMENT — OPENING DEFAULT—PETITION—QUIETING TITLE.

Following a decree based on substituted service, defendants filed their petition praying to be heard touching the matter in the decree upon terms, etc., presenting at the same time their answer to the bill, which sought to quiet title to certain real property. The petition asked that the decree be "set aside, altered or amended, as to the court may seem just." This petition the circuit judge denied on the ground that it did not ask in direct terms to have the default set aside and that the defendants

did not present a sworn answer with the application. *Held*, that they were erroneously denied the right to make a defense.

2. SAME—JUDGMENT—DEFAULT DECREE.

Under 1 Comp. Laws, §§ 496-498 (4 How. Stat. [2d Ed.] § 12014), the right to appear and answer after the entry of a decree *pro confesso* based on service by publication is absolute and the statute is mandatory.

3. SAME—PRACTICE—SWORN ANSWER.

The provisions of Chancery Rule 7, requiring a sworn answer, do not make it necessary in cases in which the court has no discretion to exercise under the statute; compliance with the statute is sufficient to entitle the defendants to its benefits when the right to defend is absolute, under the statutory provisions.

Mandamus by Grant S. McDowell and Bertha B. McDowell against Joseph Barton, Mecosta circuit judge, to require respondent to set aside an order denying relators the right to open a default decree. Submitted November 4, 1913. (Calendar No. 25,745.) Writ granted December 20, 1913. Rehearing denied June 5, 1914.

*Arthur J. Butler*, for relators.

*Broomfield & Worcester*, for respondent.

BIRD, J. The Mecosta circuit judge denied the petition of relators, which prayed for an opportunity to defend a suit in which they had been made parties defendant, and which had proceeded to a decree based upon their default for want of appearance. They now ask this court for a writ of mandamus to compel the circuit judge to set aside the order, with directions to enter one in accordance with the prayer of the petition.

From the record it appears that on October 5, 1911, one Martin Billings filed his bill of complaint in the Mecosta circuit court, in chancery, to quiet his

title to certain lands situate in that county.  The relators were made parties defendant; but at the time the bill was filed they were residents of the State of Idaho.  Service was had on them by publication; their default followed, and a decree was rendered therein on the 13th day of April, 1912.  Notice of the entry of the decree was served upon them by mail soon thereafter, and on the 12th day of June, 1912, relators filed their petition, praying for permission to be heard on the matters involved in the suit.  The prayer of the petition was denied, because it did not ask in direct terms to have the default set aside, and because no sworn answer was tendered when the application was made.  These reasons prompted the circuit judge to deny the relief sought.  We are not impressed that these reasons furnish an adequate ground for denying the relators the right to defend.

The petition, after reciting the several steps which had been taken in the proceeding, concluded as follows:

"Your petitioners, therefore, appear in this honorable court, and ask to be heard touching the matter of said decree upon such reasonable terms as to the court may seem just and in pursuance of the statute in such case made and provided.  And your petitioners herewith present their answer to the said bill of complaint, and ask that they may be permitted to file the same in said cause, and that upon the hearing the court will order that said decree be set aside, altered, or amended, as to the court may seem just, and that the court will grant your petitioners such other relief in the premises as to equity shall appertain."

This prayer reasonably construed in connection with the recitals which preceded it could mean but one thing, and that is that the relators desired an opportunity to file their answer and be heard upon the merits.

The statute (1 Comp. Laws, §§ 496-498, 4 How. Stat. [2d Ed.] § 12014), furnishes the rule of prac-

tice in such cases. Sections 496 and 497 read as follows:

"If the defendant against whom such decree shall have been made, unless such decree shall be a decree of divorce, or his representatives, shall afterward appear and petition to be heard, the party so petitioning shall be admitted to answer the complainant's bill upon paying or securing to be paid such costs as the court shall adjudge, and the suit shall then proceed in like manner as if such defendant had appeared in due season and no decree had been made."

"The defendant, or his representatives, must so appear within one year after notice in writing of the decree shall have been given to him or them, and within seven years after the making of the decree, when such notice shall not be given."

These sections have been construed by this court as mandatory *(McDonald* v. *McDonald,* 45 Mich. 44 [7 N. W. 230]), and it has been held that the right to defend may be granted without notice to the complainant *(Coffin* v. *Ontonagon Circuit Judge,* 140 Mich. 420 [103 N. W. 835]). But it is argued that Chancery Rule 7, which provides for a tender of a sworn answer in applications to set aside defaults, justified the court in refusing the relief sought. That would probably be true as to all applications which come within the discretion of the trial court; but when, as in this instance, the right of defendant is a statutory one a compliance with the terms of the statute is sufficient to entitle him to its benefits.

The relators were entitled to the relief sought, and the writ will issue as prayed. Relators will recover their costs against complainant Billings.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.