[Civ. No. 22562. Second Dist., Div. Three. Aug. 7, 1958.]

EDITH K. FUSS et al., Appellants, v. CITY OF LOS ANGELES et al., Defendants; J. A. THOMPSON AND SON, INC. (a Corporation), Respondent.

644

Buchalter, Nemer, Coyle & Cooper, Richard B. Coyle, Leon Savitch and Joseph Weissman for Appellants.

Chase, Rotchford, Downen & Drukker, and Henry A. Schultz for Respondent.

PATROSSO, J. pro tem.*—Appeal by plaintiffs from an order quashing service of summons upon J. A. Thompson and Son, Inc., a corporation.

Plaintiffs instituted this action to recover damages for personal injuries sustained by the plaintiff Edith K. Fuss on August 4, 1954. The original complaint was filed on August 3, 1955, and named as defendants therein the city of Los Angeles, a municipal corporation, J. A. Thompson and Son, Contractors, a copartnership, J. A. Thompson, J. H. Thompson and a number of fictitiously named corporations, copartnerships and individuals. A first amended complaint was filed on August 15, 1955, naming the same defendants and insofar as material here, containing substantially identical allegations as the original complaint.

Both the original and first amended complaint allege "That J. A. Thompson & Son, Contractors, is a copartnership consisting of J. A. Thompson and J. H. Thompson;" that J. A. Thompson and J. H. Thompson were engaged in the construction business as contractors and constructed and laid a con-

*Assigned by Chairman of Judicial Council.

crete sidewalk on the northerly side of Victory Boulevard immediately adjacent to premises owned and occupied by the plaintiffs; that "J. A. Thompson, J. H. Thompson, and their agents, and employees, Doe V and Doe VI," in the course of constructing said sidewalk placed spacer-boards therein and after the completion of the work negligently left some of said spacer-boards imbedded in the sidewalk in such manner as to protrude and extend above the level thereof; that "J. A. Thompson, J. H. Thompson, Doe V and Doe VI knew, or should have known, that the said sidewalk with one or more of the said 'spacer-boards' so placed and protruding therefrom . . . was a dangerous and defective condition which would constitute a continuing hazard to the public and particularly" the occupants of plaintiffs' premises; "That the careless and negligent conduct of the said Defendants, J. A. Thompson and J. H. Thompson and Doe V and Doe VI created the dangerous and defective condition aforesaid which, as a continuing hazard, directly and proximately caused Plaintiff, Edith K. Fuss, to be injured" as therein set forth.

It will be noted from the foregoing recital of the allegations in plaintiffs' complaint that the only defendants[1] who are alleged to have been negligent in creating the hazardous condition which caused injury to Mrs. Fuss are J. A. Thompson and J. H. Thompson and their agents and employees Doe V and Doe VI. There is no allegation that the defendant J. A. Thompson and Son, Contractors, alleged to be a partnership, did anything in connection with the construction of the sidewalk or in any other respect. Hence, no cause of action was stated against the defendant partnership as such. (*Billings* v. *Finn* (1921), 55 Cal.App. 134 [202 P. 938]; *Potts* v. *Whitson* (1942), 52 Cal.App.2d 199, 205 [125 P.2d 947].)

On December 14, 1955, defendants J. A. Thompson and Son, a partnership, J. A. Thompson and J. H. Thompson, filed an answer to the first amended complaint wherein they denied substantially all of the material allegations thereof. On September 13, 1956, an alias summons was issued upon the first amended complaint in which the defendants were named as they appeared in the first amended complaint, and although J. A. Thompson and Son, Inc., a corporation, was not named as a defendant, service of said alias summons together

---

[1]Other than the city of Los Angeles and its agents and representatives with whom we are not here concerned.

with a copy of the first amended complaint was made upon that corporation, the affidavit of service reciting that such service was, on September 15, 1956, made upon "J. A. Thompson & Son, Inc., a corporation, sued herein as J. A. Thompson & Son, Contractors, by serving C. H. F. Durkee in his capacity as General Manager of said corporation at 773 Stradella Road, Bel Air, California." The copy of the summons so served did not contain thereon the endorsement required by Code of Civil Procedure, section 474, namely: that the corporation was served as a defendant sued under a designated fictitious name.

Following the purported service upon it the corporation J. A. Thompson and Son, Inc., appeared specially and moved to quash the service upon the grounds that neither the summons nor complaint designated said corporation as a party to the action and that the summons bore no endorsement to the effect that the corporation was served as a fictitious defendant. As previously indicated, the motion was granted and the trial court could not have done otherwise. Not only because of the failure of the summons to bear the endorsement required by Code of Civil Procedure, section 474 (*Armstrong* v. *Superior Court* (1956), 144 Cal.App.2d 420, 424 [301 P.2d 51]), but also because one "who is not named either by his true or a fictitious name or as an unknown defendant is not a proper party to an action, and service of summons upon such person upon proper motion should be quashed." (*Kline* v. *Beauchamp* (1938), 29 Cal.App.2d 340, 342 [84 P.2d 194].)

We are also asked by the appellants to review the order of the trial court in denying their motion, made at the same time as the order quashing service of summons, whereby they sought to amend the first amended complaint and summons issued thereon by deleting the name "J. A. Thompson & Son, Contractors, a copartnership" as a party defendant and substituting therefor the name "J. A. Thompson & Son, Inc., a corporation," and so as to state a cause of action against said corporation. While defendants devote a considerable portion of their brief to a discussion of the propriety of the trial court's action in this regard, we may not consider the question they undertake to present as the order is not appealable (*Kline* v. *Beauchamp, supra*), and is reviewable only upon an appeal from the final judgment rendered in the action. (*Randall* v. *Beber* (1950), 101 Cal.App.2d 179, 181 [225 P.2d 291].)

*City of Oakland* v. *Darbee* (1951), 102 Cal.App.2d 493 [227 P.2d 909], cited by appellants in support of their contention that the order refusing leave to amend is reviewable upon this appeal from the order quashing service of summons is not in point. That was an action in eminent domain instituted in Alameda County against a number of individual defendants between whom there was no community of interest or ownership in any single parcel. Some of the defendants who were residents of the city and county of San Francisco moved for a separation of the proceedings as against them and also moved for an order transferring the proceedings as to them to a neutral county pursuant to section 394 of the Code of Civil Procedure. The trial court granted both motions. The order of transfer was appealable but the order of severance was not. Upon appeal from the former order it was held that both orders were reviewable for the reason that the correction of the order transferring the case to another county necessarily involved and was dependent upon the propriety of the order of severance. Here, however, the correctness of the order quashing summons is in no event dependent upon the correctness of the order denying appellants' motion for leave to amend. If the latter order had been granted it would not have had the effect of validating the purported service upon respondent of the alias summons issued on the first amended complaint.

The order quashing service of summons is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied September 2, 1958, and appellants' petition for a hearing by the Supreme Court was denied October 1, 1958.