[Civ. No. 23995.   First Dist., Div. Two.   Dec. 19, 1966.]

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; OHIO ALTON, INC., Real Party in Interest.

Maloney, Chase, Fisher & Hurst and Charles Negley for Petitioners.

Abraham Setzer for Respondent and for Real Party in Interest.

AGEE, J.—Petitioners seek a writ of mandate requiring respondent court, in an action filed therein by real party in interest, to make its order (1) quashing service of summons upon petitioners for failure to comply with the provisions of Code of Civil Procedure section 410 and (2) dismissing said action as to them for failure to effectively serve the summons therein within three years after the commencement of said action, as provided by section 581a of said code.

The named defendants in said action are petitioner National Union Fire Insurance Company of Pittsburgh, a corporation, and three other corporations. The remaining defendants are fictitiously named as "Does One to Sixteen."

■ The service under inquiry was made by delivering a copy of the summons and a copy of the complaint to petitioner Bert W. Coyle, a vice-president of petitioner National Union. Coyle was told at the time of such service that he was being served in such capacity and the return of service is so worded.

Real party in interest makes no claim that such service was effective upon Coyle as an individual (see Code Civ. Proc., § 474) and adds that Coyle is not and was never intended to be a party to the action. While the dismissal of an action as to

one who is not a party seems to be paradoxical, we think it is proper under the circumstances herein.

With respect to the effectiveness of the service upon petitioner National Union, the following provisions of Code of Civil Procedure section 410 are applicable: "When the service [of summons and complaint] is against a corporation, . . . there shall appear on the copy of the summons that is served a notice stating in substance: 'To the person served: You are hereby served in the within action (or proceeding) on behalf of (here state the name of the corporation . . .) as a person upon whom the summons and a copy of the complaint must be served to effect service against said party under the provisions of [Code of Civil Procedure section 411]. . . .' . . . In a case in which the foregoing provisions of the section require that notice of the capacity in which a person is served must appear on the copy of the summons that is served, the certificate or affidavit of service must recite that such notice appeared on such copy of the summons, if, in fact, it did appear. When service is against a corporation . . . and notice of that fact does not appear on the copy of the summons or a recital of such notification does not appear on the certificate or affidavit of service of process as required by this section, no default may be taken against such corporation. . . ."

The copy of the summons served upon Coyle did not contain the above-required notice nor did the proof of said service recite that such notice appeared on said copy.[1]

The above-quoted provisions of section 410 were added in 1959 and our attention has not been called to any decision which discusses this amendment. However, an analogous situation is presented in *Armstrong* v. *Superior Court* (1956) 144 Cal.App.2d 420 [301 P.2d 51], a personal injury action.

There the complaint named as defendants one Stover and Doe One and Doe Two. One Dolginer was served with a copy of the summons and a copy of the complaint. The copy of the summons so served did not bear the endorsement required by Code of Civil Procedure section 474.

This section was amended in 1953 to provide in part as follows: "no default or default judgment shall be entered against a defendant" sued under a fictitious name "unless it appears that the copy of the summons or other process . . .

---

[1]The printed form of summons used had on the bottom of the face thereof the notation, "(Space above for notice required by Secs. 410 and 474, C.C.P.)." This space was left blank.

served upon" the defendant bears "on the face thereof a notice stating in substance: 'To the person served: You are hereby served in the within action . . . as (or on behalf of) the person sued under the fictitious name of (designating it).' The certificate or affidavit of service must state the fictitious name under which such defendant was served and the fact that notice of identity was given by endorsement upon the document served as required by this section."

The court stated its decision as follows: "We believe, however, that the respondent court was in error in denying plaintiff's motion to quash the service upon the grounds that the summons served upon petitioner was fatally defective in not being endorsed so as to show that the petitioner was served as one of the persons sued under a fictitious name as required by section 474, Code of Civil Procedure (as amended in 1953). . . . This statute is not directory but *mandatory*, and its effect is to deprive the court of the right to proceed against a defendant served with such a defective summons; that is to say, its effect is to make the service of such a defective summons *insufficient to give the court jurisdiction* over the person of the defendant." (Italics added.)

To the same effect is *Fuss* v. *City of Los Angeles* (1958) 162 Cal.App.2d 643, 646 [328 P.2d 831]. (Hearing by Supreme Court denied.)

We think that the provisions of section 410 are likewise mandatory and that the purported service of summons upon National Union was and is ineffective.

Under the provisions of Code of Civil Procedure section 581a, respondent court was therefore under a duty to dismiss the petitioners from the action for failure to *effectively* serve them with the summons therein "within three years after the commencement of said action," which was on December 18, 1962. (The purported service and the return thereon were made on the last permissible day, Monday, December 20, 1965.)

Real party in interest calls attention to a stipulation entered into on January 7, 1966 between its attorney and the attorneys for National Union wherein the latter was given an extension of time "within which to answer, plead, demur or otherwise move to answer the Complaint. . . ." It suggests that this constituted a general appearance and a waiver by National Union of the defective service. We do not agree.

Section 416.1 of the Code of Civil Procedure, which applies

to petitioners' motion to quash, expressly provides that the entering into of such a stipulation does not constitute a general appearance. (*Davies* v. *Superior Court*, 228 Cal.App.2d 535, 540 [39 Cal.Rptr. 693].)

The alleged "general appearance" of National Union, made *after* the expiration of the three-year dismissal period provided for in section 581a, would likewise have no effect upon petitioners' motion to dismiss.

In *Beckwith* v. *County of Los Angeles*, 132 Cal.App.2d 377 [282 P.2d 87], one of the defendants filed a demurrer to the complaint *after* the expiration of the three-year period. It was held that this did not operate as a waiver of such defendant's right to a dismissal under the provisions of said section 581a.

Let a peremptory writ of mandate issue requiring the respondent court to enter its order quashing service of summons and complaint upon the petitioners in the action bearing number 527840 in that court and then enter its order dismissing said action under the provisions of section 581a of the Code of Civil Procedure.

Shoemaker, P. J., and Taylor, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied February 15, 1967.