[Civ. No. 25120.    First Dist., Div. Three.    Mar. 21, 1969.]

MAIER BREWING COMPANY, Plaintiff, Cross-defendant and Appellant, v. FLORA CRANE SERVICE, INC., Defendant, Cross-complainant and Respondent; ROBERT H. FLORA et al., Defendants and Respondents.

J. Albert Hutchinson for Plaintiff, Cross-defendant and Appellant.

Quentin L. Kopp for Defendant, Cross-complainant and Respondent and for Defendants and Respondents.

DAVID, J. pro tem.*—Appellant appeals from an order quashing and vacating service of summons on respondents, Robert H. Flora and Quentin L. Kopp. The complaint was for malicious prosecution. A second cause of action alleged that the defendants conspired with each other to cause inclusion of appellant as a defendant in an Alameda County action, terminated favorably to appellant on October 20, 1965. ■ A malicious prosecution action must be brought within one year. (*Department of Mental Hygiene* v. *Hsu,* 213 Cal.App.2d 825 [29 Cal.Rptr. 244].)

On May 8, 1967, service purportedly was made upon Robert H. Flora and Quentin L. Kopp as Doe I and Doe II respectively. Paragraph II of the second cause of action made the usual allegation that the appellant "does not know the true names of the defendants or the capacities . . . of the defendants herein named by fictitious names, and prays leave to amend its complaint to show the true names and capacities of

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

each of said defendants when the same have been ascertained.''

▆ Flora and Kopp on June 13, 1967 moved to quash such service upon them. The ground alleged was that at the time appellant filed its complaint it knew respondents' names, and their alleged acts, having a bearing upon appellant's complaint. Service therefore was in derogation of the permission to plead with fictitious names, granted by Code of Civil Procedure section 474. ▆ Since the statute of limitations (Code Civ. Proc., § 340) had run at the time of service, the attempted amendment to include them was obviously prejudicial to respondents. (*Lipman* v. *Rice,* 213 Cal.App.2d 474, 480 [28 Cal.Rptr. 800].)

By granting respondents' motion on July 18, 1967, the trial court necessarily found on conflicting facts that respondents' contentions were true. On appeal, respondents' affidavits are accepted as establishing the contentions. (*People* v. *Kirk,* 109 Cal.App.2d 203, 209 [240 P.2d 630] ; *Brainard* v. *Brainard,* 82 Cal.App.2d 478, 480-481 [186 P.2d 990] ; *People* v. *Bannister,* 153 Cal.App.2d 480, 484 [314 P.2d 577].)

▆ On this appeal, the question is whether a motion to quash was the proper procedure. No specific procedure is provided by the statutes, and it is contended that Code of Civil Procedure section 416.1 does not permit a motion to quash under these circumstances. We cannot agree.

If the terms of Code of Civil Procedure section 474 have not been complied with, the purported defendant has not been named as such in the complaint. A service upon one not named in a complaint does not confer jurisdiction to proceed upon the complaint against him, and a motion to quash is proper. (*Fuss* v. *City of Los Angeles,* 162 Cal.App.2d 643, 646 [328 P.2d 831] ; Cf. *Ford* v. *Doyle,* 37 Cal. 346.) If such a proper motion is not granted, he is entitled to mandamus. (Cf. *National Union Fire Ins. Co.* v. *Superior Court,* 247 Cal.App.2d 326, 330 [55 Cal.Rptr. 574].)

It would appear that a motion for dismissal, or for summary judgment or a demurrer may likewise be employed. (*Rosencrantz* v. *Rogers,* 40 Cal. 489, 492, where the motion was both to quash the service of summons and to dismiss; *Herschfelt* v. *Knowles-Raymond etc. Co.,* 130 Cal.App.2d 347, 352 [279 P.2d 104], change of venue based upon purported service under Code of Civil Procedure section 474, reversed; *Lipman* v. *Rice, supra,* 213 Cal.App.2d 474, demurrer to

amended complaint, the original complaint on its face showing name and capacity of purported Doe; *Schroeter* v. *Lowers,* 260 Cal.App.2d 695, 700 [67 Cal.Rptr. 270], summary judgment.) Regardless of the form of proceeding, the ruling should be affirmed. (Code Civ. Proc., § 475.) ▇ The trial court's order denying appellant's motion to strike the third and fourth affirmative defenses of defendant Flora Crane Service, Inc. is not appealable, until final judgment. (*Shank* v. *Los Gatos Associates,* 193 Cal.App.2d 824, 825 [14 Cal.Rptr. 726] ; *Hill* v. *Wrather,* 158 Cal.App.2d 818, 821 [323 P.2d 567] ; Code Civ. Proc., § 963.)

The order appealed from is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.