[Civ. No. 46697. Second Dist., Div. One. Nov. 4, 1975.]

SCHERING CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA
COUNTY, Respondent;
LOREN L. INGRAHAM, Real Party in Interest.

738

**COUNSEL**

Ruston, Nance, McCormick & DiCaro and Edward K. Nance, Jr., for Petitioner.

No appearance for Respondent.

Richard A. Tyler for Real Party in Interest.

**OPINION**

**THOMPSON, J.**—The case at bench arises on an alternative writ of mandate issued at the direction of the Supreme Court. It raises the issue of the effectiveness of service of summons to obtain jurisdiction over a foreign corporation doing business in California in light of the requirements of Code of Civil Procedure sections 412.30 and 416.10. Concluding that the record establishes that summons was not served in substantial compliance with section 412.30, we direct that a peremptory writ of mandate issue requiring the trial court to vacate its order denying petitioner's motion to quash and to enter a new order quashing service. Because the hearing in the trial court resulting in the order to which the peremptory writ is addressed occurred more than three years after the action was commenced, we also direct the trial court to dismiss the lawsuit as to petitioner pursuant to Code of Civil Procedure section 581a.

On April 20, 1972, real party in interest filed her action for negligence and products liability alleging injury from the use of the drugs "Feminone" and "Pro-estrin." The complaint names as defendants William H. Perloff, M. D., and The Upjohn Company and Interstate Drug Exchange as manufacturers and suppliers of the drugs, but not petitioner. The pleading designates "Doe I" as a physician licensed to practice in the State of California and practicing in Santa Barbara. It designates "Does II and III" as manufacturers and suppliers of the drugs.

Petitioner is a foreign corporation with a warehouse in San Leandro, California, supplying wholesalers with drugs. At all times pertinent, it

had designated a statutory agent within California for the service of process. Don Baldra acts as "branch manager" of the warehouse for petitioner. George H. Horsley is assistant branch manager in charge of the operation in Baldra's absence. Horsley is not a corporate officer and his authority is limited primarily to customer service, purchasing, and assisting the foreman in running the warehouse.

On April 16, 1975, four days before the expiration of the statutory period for serving summons (Code Civ. Proc., § 581a), real party in interest attempted service of a summons issued on April 21, 1972, upon petitioner. The summons is in the form approved by the Judicial Council effective July 1970. It designates The Upjohn Company, Interstate Drug Exchange, William H. Perloff, M. D., and Does I, II, and III as defendants. The "Notice to the Person Served" segment reads:

" ☐ You are served as an individual defendant.

☒ You are served as (or on behalf) of the person sued under the fictitious name of ...................Doe I...............................................

☐ You are served on behalf of: ...........................................................
Under: ☐ C.C.P. § 416.10 (Corporation)
................................................................................................... "

Real party in interest's process server took the summons to petitioner's warehouse. He asked who was in charge and was told it was Mr. Baldra and that Baldra was not present. Horsley was identified to the process server as the assistant branch manager then in charge of the premises. The process server delivered conformed copies of the summons and complaint to Horsley, "informing him that he was being served on behalf of Schering Corporation as Doe I, a fictitiously named defendant in said action." Horsley told the process server that he was not authorized to accept service on behalf of the corporation but that he would forward the documents to its law department at its out-of-state headquarters.

Petitioner moved in the trial court to quash the service of summons, contending that the summons itself does not satisfy the requirements of Code of Civil Procedure section 412.30, and that Horsley is not a person upon whom summons can be served on behalf of the corporation pursuant to Code of Civil Procedure section 416.10. Petitioner moved concurrently to dismiss the action on the ground that there had not been a valid service of summons within the three-year period required by Code of Civil Procedure section 581a.

The trial court denied the motions. Pursuant to Code of Civil Procedure section 418.10, Schering petitioned this court for a writ of mandate to review the trial court's order. This court, with one dissent, denied the alternative writ. Schering's petition for hearing by our Supreme Court was granted and the matter was transferred back with instructions to issue the alternative writ.

### Sufficiency of Summons

Code of Civil Procedure section 410.50, subdivision (a), states: "Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him . . . ." ▮ Although a proper basis for personal jurisdiction exists and notice is given in a manner which satisfies the constitutional requirements of due process, service of summons is not effective and the court does not acquire jurisdiction of the party unless the statutory requirements for service of summons are met. (1 Witkin, Cal. Procedure (2d ed.) Jurisdiction, § 83.)

▮ Code of Civil Procedure section 412.30 states: "In an action against a corporation . . . , the copy of the summons that is served shall contain a notice stating in substance: 'To the person served: You are hereby served in the within action . . . on behalf of (here state the name of the corporation . . .) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party . . . .' [¶] If such notice does not appear on the copy of the summons served, no default may be taken against such corporation . . . ." The requirements of section 412.30 are mandatory so that service upon a corporation of a purported summons which fails to comply substantially with the section is ineffective. (*Tresway Aero, Inc.* v. *Superior Court,* 5 Cal.3d 431, 435 [96 Cal.Rptr. 571, 487 P.2d 1211]; *National Union Fire Ins. Co.* v. *Superior Court,* 247 Cal.App.2d 326, 329 [55 Cal.Rptr. 574], both dealing with the substantially identical predecessor statute.) Failure of the summons to state that the person to whom the summons and complaint are delivered is served on behalf of the corporation is not cured by the oral statement of the process server to the person of the fact omitted from the summons. (*National Union Fire Ins. Co.* v. *Superior Court, supra,* 247 Cal.App.2d at p. 327.)

Citing *Pasadena Medi-Center Associates* v. *Superior Court,* 9 Cal.3d 773 [108 Cal.Rptr. 828, 511 P.2d 1180], real party in interest seeks to avoid the impact of Code of Civil Procedure section 412.30, arguing that

strict compliance with the section is not required. *Pasadena Medi-Center* does excuse strict compliance with the requirements of Code of Civil Procedure section 416.10 dealing with the persons upon whom process directed to a corporation may be served and holds that ostensible authority of the person satisfies the requirements of that section. (9 Cal.3d at pp. 778-779.) *Pasadena Medi-Center* does not, however, repeal section 412.30's requirement that the summons state that the service is upon the corporation. No matter how liberally we construe section 412.30 to effectuate service (*Pasadena Medi-Center Associates* v. *Superior Court, supra,* 9 Cal.3d 773, 778), the fact remains that the summons here does not begin to comply with the statutory requirement. There is no designation on the summons that Horsley was served on behalf of the corporation—petitioner. The designation that Horsley is served as or on behalf of Doe I is a reference to a physician licensed to practice in California and practicing in Santa Barbara so as to exclude its reference to Schering. In those circumstances, assuming that substantial compliance is all that is required and that substantial compliance is to be given a broad sweep, the statutory requirement is nevertheless not satisfied. There is no compliance at all.

We thus conclude that real party in interest not having complied with Code of Civil Procedure section 412.30, there was no effective service of summons upon petitioner.[1]

### *Dismissal*

█ The determination that the summons and complaint were not effectively served upon Schering requires the further conclusion that the trial court was compelled to dismiss the complaint as against Schering for failure of service within the period required by Code of Civil Procedure section 581a.

█ That section states, in subdivision (a): "No action . . . shall be further prosecuted . . . and all actions . . . shall be dismissed . . . unless the summons on the complaint is served and return made within three years after the commencement of [the] action . . . ." Only effective service of summons and complaint satisfies section 581a. (*National Union Fire Ins. Co.* v. *Superior Court, supra,* 247 Cal.App.2d 326, 329.) █ Here there was no effective service of the complaint upon Schering within the three-year period.[2]

---

[1]Because of our conclusion that service is defective by reason of Code of Civil Procedure section 412.30, we do not reach petitioner's alternative contention.

[2]The motion to dismiss was filed May 12, 1975. If it is treated as a general appearance, it is not within the three-year period.

While there are implied exceptions to section 581a where compliance is impractical or otherwise excused, here real party in interest's problem is of her own making. She waited until the last moment to attempt to serve Schering. She ignored the possibility of service upon Schering's statutory agent within California. By waiting until the last minute, she precluded herself from utilizing the simple process of service provided in Code of Civil Procedure section 415.20 (leaving a copy of the summons and complaint with the person apparently in charge of Schering's California office and mailing a copy of the documents to Schering) because that form of service is not effective until the 10th day after mailing. Thus, no implied exception applies.

### *Disposition*

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioner's motions to quash service of process and to dismiss the complaint, and to enter a new order quashing service of summons and complaint and dismissing the action as to Schering.

Wood, P. J., and Hanson, J., concurred.