[Civ. No. 50352. First Dist., Div. Four. Sept. 18, 1981.]

KENNETH CORY, as State Controller, Plaintiff and Appellant, v. CROCKER NATIONAL BANK, Defendant and Respondent.

**COUNSEL**

George Deukmejian, Attorney General, and Yeoryios C. Apallas, Deputy Attorney General, for Plaintiff and Appellant.

William Alsup, Wendy L. Wyse, Richard L. Keenan, Adam A. Lewis and Morrison & Foerster for Defendant and Respondent.

OPINION

CALDECOTT, P. J.—Plaintiff Kenneth Cory, Controller of the State of California (hereafter appellant or Controller) appeals from a judgment of dismissal entered after defendant's motion to quash service of summons was granted by the trial court.

The facts are not in dispute. On April 30, 1976, the Controller filed a lawsuit against defendant Crocker National Bank and 10 Does (hereafter Crocker or respondent) for accounting, escheat and for report and delivery of unclaimed property. (Code Civ. Proc., §§ 1500 through 1582.) The summons and complaint were served upon Crocker through its officer, Mr. James M. Brewer, on April 25, 1979. The summons was returned on April 27, 1979. The return clearly indicated that the summons and complaint were served upon "Crocker National Bank, One Montgomery Street, San Francisco, [by serving] James M. Brewer, Operations Officer." The copy of the summons which was left with Crocker likewise reveals that it was received by "Crocker National Bank, One Montgomery #060 April 25, 1979. Operations Time 2:46 by J. Brewer." The summons[1] was in the form adopted by the Judicial Council of California and contained the notice provided for in Code of Civil Procedure section 412.30.[2] However, due to an apparent oversight, neither the original summons filed with the court, nor the copy left with Crocker showed the name of Crocker on the designated place of the form and no checkmark or an "X" was inserted in the box which would have specified that Brewer received the service on behalf of Crocker. However, it bears emphasis that Crocker was the only named corporate defendant in the caption and the body of the complaint and in the caption of the summons and that there were no individual defendants named in the action although there was a boilerplate allegation which included "Does One through Ten" as defendants.

Following the service of summons and the complaint, Crocker's legal representative requested and obtained an open-ended extension of time to demur, answer or otherwise respond in the action cancellable on 10 days' written notice to be given by the Controller. The open extension was cancelled on April 21, 1980. Crocker responded by filing a motion

---

[1]So that footnote 1 may appear in a legible configuration, it is reproduced on the following page.

[2]Unless otherwise indicated all further references will be made to the Code of Civil Procedure.

to quash the service of summons and to dismiss the complaint. The trial court granted both motions and the present appeal followed.

| NAME AND ADDRESS OF ATTORNEY | TELEPHONE NO | FOR COURT USE ONLY |
|---|---|---|
| GEORGE DEUKMEJIAN, Attorney General (213) 736-3120 LAUREN R. BRAINARD, Deputy Attorney General 500 Tishman Building 3580 Wilshire Boulevard, Los Angeles; California 90010 ATTORNEY FOR (Name) | | CROCKER NATIONAL BANK One Montgomery #C60 R E C E I V E D APR 25 1979 OPERATIONS Time By |

Insert name of court, judicial district or branch court if any, and Post Office and Street Address
San Francisco County Superior Court
Civil Division, 480 City Hall,
San Francisco, California 94102

PLAINTIFF
KENNETH CORY, CONTROLLER OF THE STATE OF CALIFORNIA

DEFENDANT
CROCKER NATIONAL BANK, DOES ONE THROUGH TEN

## SUMMONS

CASE NUMBER
705-691

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

¡AVISO! Usted ha sido demandado. El tribunal puede decidir contra Ud. sin audiencia a menos que Ud. responda dentro de 30 dias. Lea la información que sigue.

If you wish to seek the advice of an attorney in this matter you should do so promptly so that your written response, if any, may be filed on time.

Si Usted desea solicitar el consejo de un abogado en este asunto, debería hacerlo inmediatamente, de esta manera, su respuesta escrita, si hay alguna, puede ser registrada a tiempo.

1. TO THE DEFENDANT: A civil complaint has been filed by the plaintiff against you. If you wish to defend this lawsuit, you must, within 30 days after this summons is served on you, file with this court a written response to the complaint. Unless you do so, your default will be entered on application of the plaintiff, and this court may enter a judgment against you for the relief demanded in the complaint, which could result in garnishment of wages, taking of money or property or other relief requested in the complaint.

DATED: APR 17 1979 CARL M. OLSEN, Clerk, By _____ MARTIN P. ANABU _____ , Deputy

(SEAL)

2. NOTICE TO THE PERSON SERVED: You are served
   a. ☐ As an individual defendant.
   b. ☐ As the person sued under the fictitious name of: . . . . . . . . . . . . . .
   c. ☐ On behalf of: . . . . . . . . . . . . . . . . . . . . . . .
   Under: [X] CCP 416.10 (Corporation)      ☐ CCP 416.60 (Minor)
   ☐ CCP 416.20 (Defunct Corporation)       ☐ CCP 416.70 (Incompetent)
   ☐ CCP 416.40 (Association or Partnership) ☐ CCP 416.90 (Individual)
   ☐ Other.
   d. ☐ By personal delivery on (Date): . . . . . . . . . . . . . . . . . .

A written response must be in the form prescribed by the California Rules of Court. It must be filed in this court with the proper filing fee and proof of service of a copy on each plaintiff's attorney and on each plaintiff not represented by an attorney. The time when a summons is deemed served on a party may vary depending on the method of service. For example, see CCP 413.10 through 415.50. The word "complaint" includes cross-complaint, "plaintiff" includes cross-complainant, "defendant" includes cross-defendant, the singular includes the plural.

Form Adopted by Rule 982
Judicial Council of California
Revised Effective January 1, 1979

DOCKET ENTERED reverse for Proof of Service)
APR 27 1979 SUMMONS

76581BB (Rev. 1-79) 1-79
RC025
CCP 412.20, 412.30, 415.10

EXHIBIT 1

The fundamental issue on appeal is whether the summons served upon respondent was valid and in compliance with section 412.30.

Section 412.30 provides that: "In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: 'To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure).' If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association. [¶] If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be."

■ Although under the case law interpreting the above statute the *provisions* of section 412.30 are mandatory (*Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431, 435 [96 Cal.Rptr. 571, 487 P.2d 1211]; *National Union Fire Ins. Co. v. Superior Court* (1966) 247 Cal. App.2d 326, 329 [55 Cal.Rptr. 574]), all that is required is *substantial compliance* in order to render the service of summons upon a corporation effective. (*Schering Corp. v. Superior Court* (1975) 52 Cal.App.3d 737, 741 [125 Cal.Rptr. 337].) Section 412.30 does not say that any specific words must be used in the notice only that the notice shall state "in substance" the provisions of the section. We believe appellant here satisfied the substantial compliance requirement of the statute and as a consequence the quashing of the summons and the entry of dismissal based thereon must be held prejudicially erroneous and reversed.

Before analyzing the summons in dispute, we set out the legal principles pertaining to the construction of the procedural rules set forth in the Code of Civil Procedure. To start with, we refer to section 4, which underscores that the provisions of the code and all proceedings under it "are to be liberally construed, with a view to effect its objects and to promote justice." This century-long held view (see *Plummer v. Brown* (1884) 64 Cal. 429 [1 P. 703]; *Clark v. Palmer* (1891) 90 Cal. 504 [27 P. 375]; *Burns v. Superior Court* (1903) 140 Cal. 1 [73 P. 597];

*Hancock Oil Co.* v. *Hopkins* (1944) 24 Cal.2d 497 [150 P.2d 463]; *McClearen* v. *Superior Court* (1955) 45 Cal.2d 852 [291 P.2d 449]) has been recently reaffirmed in *Pasadena Medi-Center Associates* v. *Superior Court* (1973) 9 Cal.3d 773, 778 [108 Cal.Rptr. 828, 511 P.2d 1180], where in interpreting section 416.10, providing for service on a corporation our Supreme Court stated as follows: "Although some decisions under pre-1969 statutes required strict and exact compliance with the statutory requirements (see 2 Witkin, Cal. Procedure (2d ed. 1970) pp. 1390, 1413-1415), the provisions of the new law, according to its draftsmen, 'are to be liberally construed.... As stated in the Nov. 25, 1968, Report of the Judicial Council's Special Committee on Jurisdiction, pp. 14-15: *"The provisions of this chapter should be liberally construed to* effectuate service and *uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical* standpoint. ..."* The liberal construction rule, it is anticipated, will eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings.' (Li, Attorney's Guide to Cal. Jurisdiction and Process (Cont.Ed.Bar (1970) pp. 57-58.)" (Italics added.)

■ When viewed in light of the aforestated principles, the instant case compels the conclusion that the Controller substantially complied with section 412.30. To begin with, it was made clear to James M. Brewer, Crocker's operations officer, that he was not being served as an individual defendant nor as a fictitious Doe defendant. Secondly, and even more to the point, the summons in dispute revealed on its face that the service was made under section 416.10. (See part 2c of the summons.) This section sets out in detail how a corporation may be served with process in case a lawsuit is initiated against it. The explicit indication on the face of the summons that the service was effected under section 416.10 rules out any potential misunderstanding that Brewer was sued in a capacity other than a corporate representative. Thirdly, the only corporation named in the complaint and summons was Crocker. This latter circumstance lends added force to the proposition that in the factual context here present Brewer could not, and was not, misled or confused as to the capacity in which he was served. Indeed, the stamp on the upper right hand corner of the summons which was left with Brewer, shows with unmistakable clarity that he received the summons at issue in his representative capacity on behalf of respondent Crocker. In sum, a finding of substantial compliance with section

412.30 is compelled in the case at bench because both the summons and the attending circumstances show without any doubt that the service of process was made on respondent and that Brewer, a corporate officer of Crocker, accepted the summons in his representative capacity on behalf of Crocker. In this situation, appellant's failure to explicitly designate the name of the corporation in the space provided in part 2c amounted to no more than inconsequential omission which does not and cannot abrogate the existence of substantial compliance with the statute.

We finally observe that the cases cited by respondent are all distinguishable from the present instance. In *Schering Corp.* v. *Superior Court, supra*, 52 Cal.App.3d 737, the real party in interest filed an action for negligence and products liability alleging injury from the use of the drugs "Feminone," and "Pro-estrin." The complaint named as defendants a doctor and two corporations as manufacturers and suppliers of the drugs, but not petitioner which was a foreign corporation supplying drugs for wholesalers. In addition, the pleading designated "Doe I" as a physician licensed to practice in California and "Does II and III" as manufacturers and suppliers of the drugs. The summons was served upon Horsley, a representative of Schering, who was not authorized to accept service of process and the summons stated that "you are served on behalf of Doe I." Since there was no indication on the summons that Horsley was served on behalf of Schering and/or under section 416.10 and since "Doe I" clearly meant a physician licensed to practice medicine in California, not a supplier, the summons not only failed to show on its face that Horsley was served as representative of Schering, but was outright misleading. Under those circumstances, the court properly held that the plaintiff failed to prove substantial compliance with section 412.30 and that as a result the court did not obtain jurisdiction over petitioner, a supplier of drugs. By contrast, in the case at bench, Brewer was fully authorized to accept the summons and the fact that Brewer proceeded in his representative capacity on behalf of Crocker is manifested by both the summons and the surrounding circumstances. As a consequence, *Schering* is not controlling in the instant case.

The additional cases quoted by Crocker are likewise inapplicable. In both *Tresway Aero, Inc.* v. *Superior Court, supra*, 5 Cal.3d 431 and *National Union Fire Ins. Co., supra*, 247 Cal.App.2d 326, a finding of noncompliance with section 410 (the predecessor of § 412.30) was compelled because there was a complete failure to give notice to the corporate defendants pursuant to section 410. These two cases were decided prior to the adoption of the Judicial Council form and there is no

indication that the summons used therein specified that service was being made either on behalf of a named corporation or under the then applicable code section providing for service upon a corporation. By comparison, it is undisputed that the summons here gave notice to respondent as to the impending lawsuit pursuant to section 412.30. Lastly, in *General Motors Corp.* v. *Superior Court* (1971) 15 Cal.App. 3d 81 [93 Cal.Rptr. 148], the plaintiffs served not only the wrong summons, but also the wrong person. That case again is clearly beside the point.

In summary, we hold that the service of summons upon Crocker was valid and effective and conferred jurisdiction upon the court below to entertain the action against respondent. As a consequence, both the order quashing the summons and the judgment of dismissal entered thereon must be held erroneous and reversed.

In light of our conclusion the additional issues raised by the parties need not be decided.

The judgment is reversed.

Rattigan, J., and Christian, J., concurred.