Filed 12/6/23  Vera v. Lucas Auto Center CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| FABIOLA VERA,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUCAS AUTO CENTER, INC.,<br><br>    Defendant and Appellant. | B323619<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV06832) |

    APPEAL from an order of the Superior Court of Los Angeles County, Yolanda Orozco, Judge.  Affirmed.
    Primary Law Group, Joshua Kroot and Ahmed Jinnah for Defendant and Appellant.
    Auto Fraud Legal Center, Christopher P. Barry and Michelle A. Cook for Plaintiff and Respondent.

_____

# INTRODUCTION

Fabiola Vera purchased a used car from Lucas Auto Center, Inc. (Lucas Auto).  After multiple mechanical problems, a repair, and a dispute over warranty coverage, Lucas Auto repossessed the car to recoup additional costs it said Vera owed.  Vera filed suit against Lucas Auto in February 2021, alleging fraud and breach of warranty claims, as well as violation of several consumer protection laws.  Although its agent for service of process was served, Lucas Auto filed no responsive pleadings, the clerk entered a default, and the court entered a default judgment in favor of Vera in October 2021.

In May 2022 Lucas Auto moved to set aside the default and default judgment under Code of Civil Procedure section 473.5.[1]  Lucas Auto argued it never received actual notice of Vera's lawsuit due to invalid substitute service on its registered agent for service of process.  The trial court denied Lucas Auto's motion because it determined the motion was untimely and Lucas Auto did not demonstrate it lacked actual notice of the action.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Vera's Lawsuit Against Lucas Auto*

Vera purchased a used BMW 750i from Lucas Auto in August 2020 with a warranty of 30 days or 1,000 miles covering the engine and transmission.  After the car developed problems with the transmission within 30 days of the purchase, Lucas Auto

---

[1]    Statutory references are to the Code of Civil Procedure.

2

repaired the car and charged Vera $2,000 for half the cost of the repairs, citing the terms of its warranty. Vera could not afford to pay, so Lucas Auto repossessed the car. Vera, in turn, decided to sue Lucas Auto. Vera mailed a notice and demand letter via certified mail with a copy of the complaint to Lucas Auto at its business address, and to its registered agent for service of process on February 19, 2021. Vera then filed suit against Lucas Auto on February 22, alleging fraud, negligent misrepresentation, and violations of the Consumer Legal Remedies Act, the Song-Beverly Consumer Warranty Act, the Rosenthal Fair Debt Collection Practices Act, and the Unfair Competition Law.

B.    *Service of the Summons and Complaint on Lucas Auto*

Vera's summons for Lucas Auto was issued on February 22, 2021. The summons issued notice of the lawsuit to "Lucas Auto Center, Inc."[2] The part of the summons labeled "Notice to the Person Served" provided checkboxes to indicate the served person's relationship to the defendant, including a checkbox to indicate the person was served on behalf of a corporation. On the summons Vera later filed with the court, this checkbox was not checked.

On March 8 Vera served Lucas Auto. Through a registered process server, Vera delivered the summons and complaint to the office of Monica Paladines, Lucas Auto's registered agent for service of process, at her business address. The process server left the summons and complaint with Angie Ortiz, an employee of Paladines. The proof of service indicated Paladines was served

[2]    Vera also sued Hudson Insurance Company, but it was later dismissed from the suit.

3

through substitute service on Ortiz, a "person at least 18 years of age apparently in charge at the office." The process server also indicated he informed Ortiz of "the general nature of the papers."

Subsequently, another process server sent a copy of the summons and complaint by first-class mail to:

> LUCAS AUTO CENTER, INC
> ATTENTION: MONICA PALADINES – PERSON
> AUTHORIZED TO ACCEPT
> 16130 VENTURA BLVD., STE 210
> ENCINO, CA 91436

On April 5 Vera amended her complaint. On April 15 a process server served the first amended complaint at Paladines's office. Again, the server delivered the amended complaint to Ortiz and indicated she was the person "apparently in charge." The next day, as before, a copy of the first amended complaint was mailed to Paladines's office.

C.     *Entry of Default and Default Judgment Against Lucas Auto*

Lucas Auto filed no response to Vera's complaint or amended complaint. On June 22, 2021 Vera filed a request for entry of default, which the clerk granted that same day. Vera served this document by mail on Paladines at her business address.

Vera applied for a default judgment against Lucas Auto on September 10 requesting damages and attorney fees totaling $30,805.32, and served her application on Paladines. The court entered the default judgment on October 13, 2021 and awarded Vera the full amount requested. On December 1, Vera's counsel

contacted Lucas Auto to ask which banks counsel should use to enforce the judgment, and he was informed by a Lucas Auto manager where it had bank accounts, including those with the largest available balances. A writ of execution of the judgment followed on May 23, 2022.

D.    *Lucas Auto's Motion To Set Aside the Default and Default Judgment Under Section 473.5*

The same day, Lucas Auto moved to set aside the default and default judgment under section 473.5.[3] Lucas Auto argued service was improperly made on Paladines's employee Ortiz because Ortiz had no relationship to Lucas Auto, was not in charge of Paladines's office, and was instructed to refuse service of process. Because of improper service, Lucas Auto contended it never received actual notice of the action against it.

In support of its motion, Lucas Auto submitted one-page declarations from Paladines and from Everardo Arreygue, general manager of Lucas Auto. Neither explained when Lucas Auto became aware of Vera's lawsuit, or why it waited seven

---

[3]    In relevant part, section 473.5 provides: "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

5

months after entry of the default judgment before it filed the motion. Arreygue's declaration instead attested that Lucas Auto had no relationship with Ortiz. Arreygue's declaration did not state that Lucas Auto lacked actual notice of the lawsuit.

Paladines's declaration also did not state that she or Lucas Auto lacked actual notice of the lawsuit, and instead stated as follows:

1. I am the registered agent for service of process for defendant Lucas Auto Center, Inc. ("Lucas Auto"). . . .

2. I am informed that plaintiff Fabiola Vera ("Vera") alleges that the Summons and Complaint in this action was served on me by serving Angie Ortiz ("Ortiz") at my office.

3. That assertion is incorrect for multiple reasons.

4. First, Ms. Ortiz worked at my office for approximately three months. Ms. Ortiz was never in charge of the office.

5. More importantly, and like all my employees, Ms. Ortiz was specifically instructed that she was not to accept service of any type of process.

6. I did not ever receive the Summons and Complaint in this action from Ms. Ortiz.

7. I have no record of any emails to Lucas Auto in which I forwarded legal documents.

Vera opposed Lucas Auto's motion as untimely and unmeritorious. She also submitted an attorney declaration attesting to the communications her counsel had with Lucas Auto on December 1, 2021 regarding what bank accounts should be

6

used to enforce the judgment. Lucas Auto's reply did not contest these communications took place.

E. *The Trial Court Denied the Section 473.5 Motion*

The trial court held a hearing on Lucas Auto's motion on August 25, 2022. After hearing argument, the court denied the motion to set aside the default and default judgment. The trial court first ruled that Lucas Auto's motion was untimely under section 473.5. The court observed that, once a defendant is served with the notice of default, section 473.5 imposes a 180-day deadline for filing a motion to set aside the default. The court reasoned that because Lucas Auto received the notice of default on June 22, 2021, its motion was untimely because it was filed more than 180 days later on May 23, 2022.[4]

The court also denied Lucas Auto's motion on the merits. The court first noted that section 473.5 "is premised on lack of 'actual notice' not whether service of process was deficient." The court ruled that Vera properly effectuated substitute service on Ortiz because she was apparently in charge of Paladines's office, even if she was not in fact in charge. It also found that, even if Ortiz did not deliver the summons and complaint to Paladines, Lucas Auto received actual notice of the action because "a copy of the complaint[] was subsequently mailed to Ms. Paladines, which Ms Paladines does not deny receiving."

Lucas Auto timely appealed.

---

[4]     As further explained below, on appeal the parties agree Lucas Auto did not receive notice of the default.

7

**DISCUSSION**

Lucas Auto advances several arguments on appeal. First, it challenges the trial court's ruling that its section 473.5 motion was untimely filed and its finding that Lucas Auto received actual notice of the lawsuit. It also contends service of process was improper and that certain defects in the summons void the default judgment. We address each in turn.

A. *The Trial Court Did Not Abuse Its Discretion by Denying Lucas Auto's Motion To Set Aside the Default Judgment*
  1. *Standard of Review*

"Trial court rulings on motions for relief from default [and default judgment] are subject to an abuse of discretion standard." (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 907 (*Luxury Asset Lending*) [reviewing denial of § 473.5 motion].) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318-1319.) In the context of a section 473.5 motion to set aside the default or default judgment for lack of actual notice, we also "review the court's findings regarding actual notice of the action for an abuse of discretion." (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.) In this context, a court has abused its discretion "if the court's factual findings are not supported by substantial evidence." (*Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 213.) "Under the substantial evidence standard, '"[o]ur review is limited to a determination whether there is any substantial evidence,

8

contradicted or uncontradicted, that supports the finding.""" (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 470.)

>    2.    *The Timeliness of Lucas Auto's Section 473.5 Motion*

Section 473.5 authorizes a party to bring a motion to set aside a default or default judgment "within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment . . . ; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).) Even if a party files within the applicable statutory deadline of 180 days or two years, section 473.5 separately requires a movant to file "within a reasonable time" after receiving actual notice of the default or default judgment. (See *Luxury Asset Lending*, *supra*, 56 Cal.App.5th at p. 908; *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180.)

Here, the clerk entered the default on June 22, 2021 and the trial court entered default judgment against Lucas Auto on October 13, 2021. Lucas Auto moved to set aside the default and default judgment on May 23, 2022, 335 days after entry of default and 222 days after the default judgment. The trial court denied Lucas Auto's motion, in part, because it was filed more than 180 days after Lucas Auto received notice of default.

On appeal, Lucas Auto asserts Vera never served notice of the default or default judgment, only notice of Vera's request for default, and thus its section 473.5 motion was timely filed within two years of the entry of the default judgment. The record supports this assertion. In the respondent's brief, Vera appears to concede Lucas Auto did not receive written notice of the entry of default or default judgment, and further concedes Lucas Auto's

9

motion was filed within two years after the default judgment was entered.

The parties dispute, however, whether Lucas Auto filed its motion within a "reasonable time" under section 473.5. Vera argues that Lucas Auto did not explain when it discovered the default or default judgment, nor the delay in bringing its motion, and thus made no showing the motion was filed within a reasonable time. Lucas Auto asserts the statute does not require any showing of filing within a reasonable time, as long as the movant files within the statutory deadlines of 180 days or two years. It does not cite any authority adopting this reading of the statute.

The case law does not support Lucas Auto's argument. Generally, a party's failure to explain its delay in seeking relief is fatal to a section 473.5 motion because, even if brought within the statutory time periods, a "party must act with diligence upon learning of the judgment." (*Trackman*, *supra*, 187 Cal.App.4th at p. 180; *Luxury Asset Lending*, *supra*, 56 Cal.App.5th at p. 908 [where party explained reasons for delay, one year delay in bringing motion was reasonable].) We need not resolve this dispute, however, because the trial court made no finding on the matter and Lucas Auto failed to meet its burden under section 473.5 to show lack of actual notice.

3. *Substantial Evidence Supports the Trial Court's Finding Lucas Auto Received Actual Notice of the Action*

Even if Lucas Auto had filed its motion within a reasonable time, the trial court correctly denied relief. The trial court determined Lucas Auto "failed to prove that Plaintiff's alleged

10

deficient service failed to provide Lucas [Auto] with actual notice." This finding that Lucas Auto had actual notice of the complaint is amply supported by the evidence.

To obtain relief from a default or default judgment under section 473.5, the moving party must establish its "lack of actual notice" of the action through an affidavit. (§ 473.5, subd. (b); see *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 861.) The movant must also demonstrate its lack of notice "was not caused by his or her avoidance of service or inexcusable neglect." (§ 473.5, subd. (b).) For purposes of section 473.5, "'actual notice'" means "genuine knowledge of the party litigant." (*Rosenthal v. Garner* (1983) 142 Cal.App.3d 891, 895.) The "'"actual knowledge"'" requirement is "'strictly construed.'" (*Ellard v. Conway*, *supra*, 94 Cal.App.4th at p. 547.)

In reaching its conclusion that Lucas Auto "failed to prove it lacked actual notice of the action," the trial court examined the two declarations Lucas Auto submitted. Arreygue's declaration disclaimed any knowledge of Ortiz or relationship between Ortiz and Lucas Auto, but failed to state that Lucas Auto did not receive actual notice of the complaint (e.g., it did not disclaim receipt of Vera's pre-filing notice she was filing a lawsuit, or receipt from Paladines). Paladines's declaration attested that she "did not ever receive the Summons and Complaint in this action from Ms. Ortiz," but did not disclaim receiving these documents by mail. Her declaration further attested that: "I have no record of any emails to Lucas Auto in which I forwarded legal documents." Reviewing the proofs of service in the record, the trial court observed that, after substitute service was effectuated on Ortiz, "a copy of the complaints was subsequently mailed to Ms. Paladines, which Ms. Paladines does not deny receiving."

11

The court also determined that "Ms. Paladines received copies in the mail" of "other documents such as the Request for Entry of Default, Case Management Statement, Notice of Dismissal of Hudson Insurance, and Memorandum of Costs." On this basis, the trial court found Lucas Auto had not established it lacked actual notice of the action, as required by section 473.5.

This finding was supported by substantial evidence. Vera's proofs of service showed the summons, the complaint, and the first amended complaint were mailed first-class to Paladines. While Paladines denied receiving these documents from her employee Ortiz, she did not deny receiving them by mail. The trial court did not abuse its discretion by finding Lucas Auto had actual notice of the lawsuit.

Lucas Auto insists "the record does not establish any proof that those alleged mailings [to Paladines] were ever actually received." But Lucas Auto was the moving party with the burden of proof in the trial court, and it did not produce any evidence Paladines did not actually receive the mailings Vera sent to her at Paladines' business address. Paladines could have attested she never received the summons, the complaint or the amended complaint. But her declaration does not so declare, let alone provide any supporting facts demonstrating she did not receive the documents mailed to her at her business address. (See *Rios v. Singh* (2021) 65 Cal.App.5th 871, 885 [affirming denial of § 473.5 motion because the defendant's "declaration did not state any supporting facts" showing his lack of actual notice]; accord, *Sakaguchi v. Sakaguchi, supra,* 173 Cal.App.4th at p. 861 [upholding finding of actual notice because the defendant's declaration "does not declare that he lacked actual knowledge of the action"]; *Neadeau v. Foster* (1982) 129 Cal.App.3d 234, 237

12

[holding a defendant failed to refute evidence of proper service by asserting "summons was not received" or "he was unaware of the action pending against him"].)

Lucas Auto further argues that, even if Paladines—its agent for service of process—received the summons and complaint by mail, "receipt of those papers did not put Lucas on actual notice of the Summons and Complaint." This argument also fails. "[A] corporation can have actual notice *only* through an agent who has the appropriate authority." (*Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 274.) Thus, "notice to the person designated by the corporation as its agent for service of process is actual notice," because "the corporation has expressly held that person out to the world as authorized to receive notice of actions." (*Ibid.*; accord, *Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1444-1445 [affirming relief under § 473.5 because the plaintiff did not serve the corporate defendant's agent for service of process and thus did not convey "actual notice" to the defendant].)

For these reasons, the trial court did not err by finding that Lucas Auto received actual notice of the lawsuit, and thus was not entitled to relief under section 473.5.

B.  *Lucas Auto's Arguments Regarding Purported Defects in the Summons and Service of Process Lack Merit*

Lucas Auto also challenges alleged defects in the summons and the sufficiency of service. Lucas Auto's argument appears to be that these defects somehow deprived it of actual notice of Vera's lawsuit and/or deprived the court of jurisdiction over it. These are not cognizable arguments under section 473.5, the only

13

ground Lucas Auto raised in the trial court.  In any event, these arguments are unavailing.

### 1.    *The Summons Was Not Defective*

Lucas Auto contends defects in the summons rendered the judgment void on its face for lack of personal jurisdiction.  It argues the summons should have been "addressed" to Paladines, not Lucas Auto, and that the summons failed to indicate Paladines was served on behalf of Lucas Auto.  These arguments miss the mark.

Section 412.20 requires that "a summons shall be directed to the defendant."  (§ 412.20, subd. (a).)  Paladines was not the defendant, so the summons was properly directed to Lucas Auto, not to her.  Further, section 416.10 authorizes service on a corporation's agent for service of process.  (§ 416.10, subd. (a).)  Lucas Auto cites no authority supporting its position that a defendant's agent for service of process must be a named defendant to effectuate service on the defendant.

Lucas Auto's argument that the summons omitted the notice required by section 412.30 that Paladines was served on Lucas Auto's behalf also lacks merit.  Section 412.30 mandates certain notice to corporate defendants in the form of the summons.  The notice must state "in substance:  'To the person served:  You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of [the appropriate Code of Civil Procedure].'"  (§ 412.30.)  Lucas Auto maintains

14

section 412.30 was violated because Vera's summons did not check the box indicating service on behalf of a corporation.

Lucas Auto did not raise this objection in the trial court, so the argument is forfeited.[5] (See *Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548 [""As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal."""].) In any event, "all that is required is substantial compliance in order to render the service of summons upon a corporation effective." (See, e.g., *Cory v. Crocker National Bank* (1981) 123 Cal.App.3d 665, 669-672 (*Cory*) [party substantially complied with § 412.30 although checkbox indicating service on behalf of corporation was unchecked where circumstances made clear corporate officer was served on behalf of the defendant corporation, i.e., bank was named defendant, corporate officer was not being served as an individual defendant, and summons revealed on its face service was made under this section].) Lucas Auto concedes that substantial compliance is sufficient when a party has actual notice.

Vera substantially complied with section 412.30. The summons was directed at Lucas Auto, it was served on Paladines

_____

[5] Lucas Auto asserts this argument is not forfeited, because the sufficiency of the summons implicates personal jurisdiction which can be "challenged at any time." Even if we agreed with Lucas Auto's theory that this failure to check the correct box somehow deprived the trial court of jurisdiction, the rule of forfeiture applies equally in the context of personal jurisdiction. (See *Mt. Holyoke Homes, LP v. California Coastal Com.* (2008) 167 Cal.App.4th 830, 844 [observing a defendant who does not object to personal jurisdiction "forfeits any future challenge to the court's power over him or her"].)

(its registered agent for service of process), and it was clear that Paladines was not being sued as an individual defendant. Although the box indicating service under section 416.10 was not checked (as in *Cory*), under these circumstances as a registered agent for service of process, Paladines "could not [be], and was not, misled or confused as to the capacity in which [s]he was served." (*Cory*, *supra*, 123 Cal.App.3d at p. 670.) These circumstances are thus distinguishable from those in Lucas Auto's contrary authorities. (See *Mannesmann DeMag, Ltd. v. Superior Court* (1985) 172 Cal.App.3d 1118, 1122-1124 [no substantial compliance with § 412.30 because "the name of the defendant Mannesmann did not appear on the face of the summons"]; *MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 557-558 [no substantial compliance because the person served on behalf of the corporation was also an individual defendant in the action and the summons indicated service on an individual defendant].)[6]

---

[6] *Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431, 435 and *National Union Fire Ins. Co. of Pittsburgh v. Superior Court* (1966) 247 Cal.App.2d 326, 327-329 both pre-date the California Supreme Court's subsequent decision liberalizing interpretation of service of process statutes. (See *Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773, 778 ["Although some decisions under pre-1969 statutes required strict and exact compliance with the statutory requirements [citation] . . . the provisions of the new law . . . 'are to be liberally construed. . . . "to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint." The liberal construction rule, it is anticipated, will eliminate

16

2.      *Substitute Service on Ortiz Substantially Complied*
        *with the Statutes Governing Service*

Lucas Auto contends service on Ortiz was improper because she was not a "person in charge" of Paladines's office under section 415.20, and she had no connection to Lucas Auto.  To be sure, if a defendant was not properly served with a summons "in the manner prescribed by statute," a default judgment entered against that defendant is void.  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200.)  But, as noted above, "'[s]tatutes governing substitute service shall be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant."' (*Id.* at p. 1201.)  Because Lucas Auto had actual notice, service of process that substantially complies with the statute is all the law requires.  (See *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1436-1437.)  "'Substantial compliance . . . means actual compliance in respect to the substance essential to every reasonable objective of the statute.'" (*Id.* at p. 1439, fn. 12.)

Under section 416.10, service on a corporation can be achieved in several ways, including serving the individual designated as its agent for service of process.  (§ 416.10, subd. (a).)  Section 415.20, in turn, authorizes substitute service on a corporation's designated agent "by leaving a copy of the summons and complaint during usual office hours in his or her

unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings."'].)  Accordingly, neither case contemplates the possibility of substantial compliance with section 412.30 or its predecessor.

17

office . . . with the person who is apparently in charge thereof." (§ 415.20, subd. (a).)  Once substitute service is made, the serving party must "thereafter mail[] a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."  (*Ibid*.)

Contrary to Lucas Auto's contention, Ortiz was properly served as a "person who is apparently in charge" of Paladines's office.  "'The evident purpose of Code of Civil Procedure section 415.20 is to permit service to be completed upon a good faith attempt at physical service on a *responsible person*.'" (*Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387, 1393.)  "Service must be made upon a person whose 'relationship with the person to be served makes it more likely than not that they will deliver process to the named party.'"  (*Id.* at p. 1393.)

Paladines's declaration confirmed Ortiz was her employee at the time the complaint and the amended complaint were served.  The proofs of service show Ortiz was present at Paladines's office on the two occasions the process server hand-delivered documents, the process server explained to Ortiz the nature of the documents, and Ortiz accepted these documents both times when Paladines was apparently unavailable.  Courts have upheld substitute service under similar circumstances.  (See *Khourie, Crew & Jaeger v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, 1013 (*Khourie*) [service proper on "the only person who responded" to the door at the defendant's office, even if not the office manager]; *Ludka v. Memory Magnetics International* (1972) 25 Cal.App.3d 316, 319-321 [service proper on a shared receptionist in a common area outside the defendant's office suite].)  Although Lucas Auto argues Paladines instructed Ortiz

18

not to accept service of process, "service cannot be avoided by denying service." (See *Khourie*, at pp. 1013-1014 [affirming service on a person apparently in charge who stated she was not accepting service]; cf. *Bein v. Brechtel-Jochim Group, Inc.*, *supra*, 6 Cal.App.4th at p. 1393 ["'While the defendant may control the acceptance of mail by his [or her] household, he [or she] may not thereby negate the effectiveness of service otherwise effective under the law.'"].)

In sum, the trial court did not abuse its discretion by denying the motion to set aside the default and default judgment.

## DISPOSITION

The order denying the motion to set aside the default and default judgment under section 473.5 is affirmed. Vera is entitled to recover her costs on appeal.


MARTINEZ, J.


We concur:


SEGAL, Acting P. J.                EVENSON, J.*

---

*       Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.