PEOPLE *ex rel.* VANTINE *v.* ISAAC N. SENTER, COUNTY JUDGE OF SANTA CLARA COUNTY.

ADMINISTRATION ON ESTATES.—The Mexican system of administration upon the estates of deceased persons was superseded by the adoption of the common law in this State, April 13th, 1850.

PROBATE ACTS RETROACTIVE.—The estates of deceased persons in this State, who died prior to the passage of the Probate Act of 1850, and subsequent to the adoption of the common law, can be administered on in accordance with the provisions of the probate Acts in force.

CASES COMMENTED ON.—*Grimes* v. *Norris*, 6 Cal. 621; *Tevis* v. *Pitcher*, 10 Cal. 477; *De la Guerra* v. *Packard*, 17 Cal. 193; *Soto* v. *Kroder*, 19 Cal. 87; and *Downer* v. *Smith*, 24 Cal. 114, commented on.

THIS was an original proceeding commenced in the Supreme Court.

On the 26th of March, 1864, Joel Harlan and Elisha Harlan, two sons of George Harlan, the deceased, filed a petition in the Probate Court of Santa Clara County, praying that letters of administration be issued to Lucien B. Huff upon the estate of the deceased. The prayer of the petition was granted, and on the 12th day of March, 1864, letters were duly issued and the administrator qualified and entered upon the discharge of the duties of his trust.

The other facts are stated in the opinion of the Court.

*Eugene B. Drake*, for Relator.

The probate law of May 1st, 1851, (Statutes of 1851, p. 448,) also repeals *in toto* the Probate Act of 1850, and makes no provision by which it can be held to operate retrospectively upon the estates of deceased persons who died in 1850. (2 Bouv. Law Dic.—word retrospective, N. 5, on page 475, and authorities there cited.)

The right (and remedy) to probate an estate are the creatures of statutory law, and derive all their vitality and power from legislative enactments; and the moment that our Probate Act of 1850 was repealed, all rights and remedies thereunder were lost except in cases where proceedings were already had or commenced; and it seems to us that the question has already been fully decided by this Court in the cases of *Grimes* v. *Norris*, 6 Cal. 624; *Tevis* v. *Pitcher*, 10 Id. 477; *De la Guerra* v. *Packard*, 17 Id. 193; *Soto* v. *Kroder*, 19 Id. 87; and *Downer* v. *Smith*, 24 Id. 114.

By these decisions it is well settled, that the Act of 1850 did not operate retrospectively, to include the settlement of estates of deceased persons who died prior to its adoption and *pari ratione;* neither can the probate law of 1851 be held to include within its purview the estates of decedents who died in 1850, or prior to its passage.

*Clarke & Carpentier*, for Respondent.

The relator seems to regard certain Acts of our Legislature of 1850 and 1851, " concerning Courts of justice and judicial officers," and " An Act to regulate the settlement of the estates of deceased person," as the *source* from which our Probate Judges derive their powers, when, in point of fact, neither of those Acts, as we think, confer any jurisdiction *additional* to that conferred by the Constitution. The Constitution says that the County Judges " shall perform the duties of Surrogate or Probate Judge," while the Acts " concerning Courts of justice and judicial officers," declare that those officers shall have power to do certain acts, enumerating them, which acts constitute the duties of a Surrogate or County Judge. And the " Act to regulate the settlement of the estates of deceased persons," merely prescribes the *manner* in which a jurisdiction *already conferred* shall be exercised ; in a word, it is a " Probate Practice Act," or " Code of Procedure."

The very decisions cited by relator, from that of *Grimes* v. *Norris*, in 6 Cal. 624, down to and including *Downer* v. *Smith*, so far from giving any support to the views of the relator, seem clearly to indicate that the estates of all persons who have died since the organization of our State Government are within the jurisdiction of our Probate Courts.

The question presented here is *res adjudicata*. (See *Estate of Harlan*, 24 Cal. 182.)

By the Court, Shafter, J.

This is a petition for a writ of prohibition to the County Judge of the County of Santa Clara, restraining and prohibiting him from exercising probate jurisdiction in the matter of the estate of George Harlan, who died intestate on the 8th of July, 1850.

It is insisted on behalf of the petitioner that the estate of Harlan is not subject to administration under the Probate Act of 1850, in force at the date of Harlan's death, for the reason that no proceedings were taken under that Act prior to its repeal, May 1st, 1851, (Acts of 1851, p. 489,) for the settle-

ment of the estate; and it is further insisted that the estate is equally unaffected by the Act of 1851, that Act being, as is claimed, prospective and not retroactive in its operation.

The counsel for the petitioner relies, in support of these positions, upon *Grimes* v. *Norris*, 6 Cal. 621 ; *Tevis* v. *Pitcher*, 10 Cal. 477 ; *De la Guerra* v. *Packard*, 17 Cal. 193 ; *Soto* v. *Kroder*, 19 Cal. 87 ; and *Downer* v. *Smith*, 24 Cal. 114.

It is to be observed that the owners of the estates referred to in those decisions all died before the organization of the present State Government, while in the case at bar the death was not only subsequent to that event, but occurred while the Act of 1850 was in full operation. It is true that the Court, in the cases cited, say, generally, that the Act of 1851 is not retroactive; still nothing can be considered as having been adjudged by those cases except that estates, the owners of which died under the Mexican system, were not within the purview of the Act. The particular question raised upon this record is now presented for the first time in the Court of last resort.

The Mexican system was superseded in this State by the adoption of the common law on the 13th of April, 1850. (Acts 1850, p. 219.) But the common law method of administration on the estates of persons deceased was opposed in some of its features to the principles upon which our institutions are based and to our long settled habits of public action ; and, furthermore, it must necessarily have failed here for the want of the needful agencies to conduct it. Hence the Probate Act of 1850.

We consider that the Legislature intended that all estates whose owners had deceased prior to the passage of the Act, and subsequent to the abrogation of the remedial system of the Mexican law, should be settled according to the method of the Act. To that extent at least the statute was intended to be retroactive. The intention could not have been that this class of estates should be closed out according to the Mexican method, for the Mexican system had been superseded

before the Act was passed; and if it was not intended to subject them to the Act of 1850, it follows that it was in the mind of the Legislature to leave their settlement to the rule of the common law—a result which we cannot regard otherwise than absurd.

As to the Act of 1851, we regard it as retroactive to the same extent as the Act which preceded it and of which it was but a revision. We rest this conclusion not only upon the grounds on which the retroactive effect of the Act of 1850 has been argued, but on the further ground that the repeal of the Act of 1850, and the passage of the Act of 1851, were contemporaneous events; and furthermore, the Act of 1851 contains a provision saving all pending cases from the operation of the repeal. Can it be supposed that the Legislature intended to take a distinction between estates to which the Act of 1850 was in a course of application at the date of its repeal, and other estates like them in every historic and meritorious particular, turning the latter over for settlement to the imperfect and objectionable methods of the common law?

There is nothing in the language of the Act which forbids us to consider it as retrospective. The Act does no more than change the common law mode of administration, and, therefore, it may well be intended that the legislative purpose was that the Act should apply to the " settlement of the estates of deceased persons," irrespective of the dates at which the deaths occurred. (Smith's Com. 308; *People* v. *Tibbets*, 4 Cow. 384; *Dash* v. *Kleeck*, 7 John. 447; *Galland* v. *Lewis*, 26 Cal. 48.) To hold that no estate can be settled under the Act of 1851 where the owner died in advance of its passage, would be to hold in effect, that the numerous amendments which have from time to time been made to the Act, applied only to the estates of persons who deceased subsequent to their adoption. A certain class of estates has been withdrawn from the operation of the Act of 1851, by the decisions upon which the petitioner relies; but the case at bar is not within the scope of those judgments. Those cases can neither be appealed to as precedents nor be used in argument as starting an available analogy.

Points decided.

The other points urged by counsel are not of jurisdictional consequence.

The petition is denied.

Mr. Justice RHODES being disqualified, did not sit in this cause.