| 64  | 429 |
| 93  | 391 |

| 64  | 429 |
| 123 | 253 |

| 64   | 429 |
| d124 | 143 |
| d124 | 308 |

[Department Two—January 7, 1884.]

EDGAR R. PLUMMER, APPELLANT, v. JOHN A. BROWN, DEFENDANT, AND MARTHA BROWN AND C. E. THOM, RESPONDENTS.

GRANTEES—LEGAL REPRESENTATIVES.—The grantees of land which is the subject-matter of an action are the "legal representatives" of the grantor within the meaning of section 473 of the Code of Civil Procedure, and as such are entitled to represent him and defend the action in his name.

ID.—DEFAULT—RELIEF.—The legal representatives of a party to an action are entitled to relief upon such terms as may be just from a default taken against him through mistake, inadvertence, surprise, or excusable neglect.

APPEAL from an order of the Superior Court of the county of Los Angeles, setting aside a default and judgment in favor of the respondent, and allowing Martha Brown and C. E. Thom to defend as successors in interest of the defendant and to conduct all proceedings in his name.

Action to have a trust in certain lands declared in favor of the plaintiff, and to enforce a conveyance of the legal title. The defendant John A. Brown suffered a default, and judgment was rendered against him. After the commencement of the suit Martha Brown and C. E. Thom acquired the interest of the defendant John A. Brown in the land in controversy. They moved to set aside the default and vacate the judgment. This

appeal is from the order granting this motion.    The other facts appear in the opinion.

*Edwin Baxter,* and *Will. D. Gould,* for Appellants.

*Bicknell & White,* for Respondents.

Per Curiam. — We think that Martha Brown and Thom, after acquiring the entire interest of the defendant in the subject-matter of this action, were his "legal representatives" within the meaning of the phrase as used in section 473, Code of Civil Procedure.   "An assignee or grantee is a legal representative of the assignor or grantor in regard to the thing assigned or granted."   (*G. G. R. R. & B. Co.* v. *Bryan,* 8 Smedes & M. 275.)   They certainly had acquired the right to represent him.   The transfer of his interest to them entitled them to have the action continued in his name, or the court might allow them to be substituted for him.   (Code Civ. Proc. § 385.) "To represent a person is to stand in his place, to act his part, exercise his right, or take his share."   (Abb. Law Dict.)

Being the legal representatives of the defendant the court was authorized upon such terms as might be just to relieve them from a default taken against him, through their mistake, inadvertence, surprise, or excusable neglect.

After transferring his entire interest in the subject of the controversy, the defendant was only nominally a party to the action.   The real parties in interest were his grantees.   The entry of his default affected them, not him.   It is the duty of all courts to construe the provisions of the Code "liberally, with a view to effect its objects and to promote justice."   (Code Civ. Proc. § 4.)   And being satisfied that the moving parties were, upon the showing made by them, entitled to the relief granted, the order of the court below is affirmed.

Hearing in Bank denied.