[No. B001773. Second Dist., Div. Seven. Dec. 20, 1984.]

CREDIT MANAGERS ASSOCIATION OF SOUTHERN CALIFORNIA, Plaintiff, Cross-defendant and Appellant, v.
NATIONAL INDEPENDENT BUSINESS ALLIANCE, Defendant, Cross-complainant and Respondent.

COUNSEL

Arak, Welter & Snipper and Stephen J. Snipper for Plaintiff, Cross-defendant and Appellant.

Countryman & McDaniel, W. Dart Vernon and Michael S. McDaniel for Defendant, Cross-complainant and Respondent.

OPINION

**BIGELOW, J.**[*]—

### Appeal

Plaintiff appeals from the denial of its motion to set aside the default and default judgment taken by defendant upon its cross-complaint against plaintiff's assignor, Molnar & Associates, Inc.

### Issues

1. Does the assignee for the benefit of creditors have standing to move to set aside the default and default judgment taken against its assignor when the cross-complaint therein was filed after the assignment became effective?

2. Did the plaintiff-assignee and defendant-cross-complainant enter into an agreement that cross-complainant would notify plaintiff of the fact of service of process on the assignor before taking assignor's default; and did the trial court make a finding of fact on this issue which was supported by sufficient substantial evidence?

3. Was relief under section 473 of the Code of Civil Procedure, or other equitable relief, available to plaintiff-assignee and, if so, did the trial court abuse its discretion in denying such relief?

### Facts

Assignor, Molnar & Associates, Inc., a California corporation, made an assignment for benefit of creditors to plaintiff. The validity of this common

---

[*]Assigned by the Chairperson of the Judicial Council.

law assignment for benefit of creditors is not questioned in this appeal. Plaintiff-assignee then brought an action for breach of contract against defendant on one of the assets of the estate, namely a written agreement between defendant and the assignor.

Defendant contested this action, and in turn, filed its cross-complaint against the assignor on the same agreement, naming plaintiff as one of the additional cross-defendants in its capacity as assignee. Plaintiff, on its own behalf as assignee only, contested the cross-complaint.

Counsel for plaintiff and defendant had numerous discussions and exchanged correspondence concerning service of process on the assignor as a cross-defendant.

Defendant was finally able to effect service of process of its cross-complaint on the assignor. Without notifying plaintiff, defendant had the assignor's default entered and then took default judgment against the assignor on the cross-complaint. Defendant notified plaintiff of the default judgment a few days after its entry.

Immediately, plaintiff filed its motion to set aside this default and default judgment and to be allowed to defend against the cross-complaint as the representative of and on behalf of its assignor. The trial court heard and denied the motion.

Plaintiff appeals. We reverse with directions.

*Discussion*

*History and Nature of Assignment for*
*Benefit of Creditors*

An assignment for benefit of creditors is a business liquidation device available to an insolvent debtor as an alternative to formal bankruptcy proceedings. (See Cal. Law Revision Com. comment, cited *infra.*)

For a period of time in California, both the common law type and a statutory *alternative* type of such assignment existed at the same time.

*Common Law*

Section 22.2 of the Civil Code provides as follows: "The common law of England, so far as it is not repugnant to or inconsistent with the Consti-

tution of the United States, or the Constitution or laws of this State, is the rule of decision in all the courts of this State." (Added by Stats. 1951, ch. 655, § 1, p. 1833—derived from Stats. 1850, ch. 95, p. 219, and former Pol. Code, § 4468.) "The Mexican system was superseded in this state by the adoption of the common law on the 13th of April, 1850 (Acts 1850, page 219)." (*People* ex rel. *Vantine* v. *Senter* (1865) 28 Cal. 502, 505.)

### Statutory Law

Sections 3449 to 3473 inclusive, of the Civil Code provided a statutory method of making an assignment for benefit of creditors. Section 3448 of that code provided that the common law assignment for benefit of creditors is expressly recognized and that the statutory method is strictly an *alternative* to the common law method and is not to be construed as preventing or invalidating a common law assignment. The statutory provisions for this alternative method of making an assignment for benefit of creditors were repealed by Statutes 1980, chapter 35, section 3, page 313. Thereafter common law assignments are to be used exclusively. (Law Revision Com. comment to the repealing legislation.)

Although certain code sections do exist pertaining to such assignments (i.e., §§ 493.020 and 493.010 of the Code Civ. Proc. recognize such an assignment and set forth its requirements), none are relevant to the issues in this appeal. The assignment in our case on appeal was executed after the effective date of the repeal of the statutory alternate method. We are here governed by common law as applied by the California decisions. (See *Bumb* v. *Bennett* (1958) 51 Cal.2d 294, 299 [333 P.2d 23].)

### Property Rights Acquired by Assignee

Definitive language is contained in the case of *Francisco* v. *Aguirre* (1892) 94 Cal. 180, 183, 186-187 [29 P. 495], as follows: " 'Under the common law of assignments, the assignee stands in the place of the assignor, and can assert no claim to property which the assignor might not. The assignment, therefore, does not carry with it to the trustee the title to property which the assignor has previously transferred in fraud of his creditors, for the purpose of hindering, delaying, and defrauding them.' [Citations omitted.]"

The court went on to hold that while the above rule was correct, yet the assignee had the right to resist a fraudulent claim against property in his hands, the court quoting an earlier case from a different jurisdiction as follows: " 'It is the duty of the assignee in the performance of his trust to

defend this property against all unjust adverse claims. He takes the property, not as a purchaser, but subject to all rights and equities subsisting against it in favor of third parties, and in that sense he is said to succeed only to the rights of his assignor. . . . In the present case, *the right of the assignee to defend* against a foreclosure of the mortgage is not based upon a transfer of the rights and equities of the creditors, but upon the fact that *the title of the property has been vested in him in trust for the creditors,* and that having accepted the trust, *he is charged with the duty of protecting the property against all fraudulent claims.'* " (Italics added.)

### Assignee's Right to Represent Assignor

In the case of *Plummer* v. *Brown* (1884) 64 Cal. 429 [1 P. 703], the court construed the meaning of "legal representatives" as used in section 473 and of the right to be substituted in place of a party as used in section 385, both of the Code of Civil Procedure.

Section 473 of that code provides in pertinent parts: "The court may, upon such terms as may be just, relieve a party or his or her *legal repre-sentative* from a judgment, order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable ne-glect." (Italics added.)

Section 385 of that code provides in pertinent part: "(a) An action or proceeding does not abate . . . or by the transfer of any interest therein, if the cause of action survive or continue. . . . In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the *court may allow the person to whom the transfer is made to be substituted in the action* or proceeding. . . ." (Italics added.)

In *Plummer, supra,* 64 Cal. 429, the trial court had ordered that the default of the grantor of land and the resulting default judgment be set aside and that the grantees be allowed to be substituted in place of the grantor to defend as successors in interest and to conduct all proceedings in grantor's name. Grantees had acquired the interest of the grantor after the commence-ment of the action against the grantor. The court held as follows in affirming the trial court's rulings at page 430: "Per Curiam.—We think that [grantees] after acquiring the entire interest of the defendant in the subject-matter of this action, were his 'legal representatives'" within the meaning of the phrase used in section 473, Code of Civil Procedure. "An *assignee* or gran-tee is a legal representative of the *assignor* or grantor in regard to the thing *assigned* or granted. [Citation omitted.]" They certainly had acquired the right to represent him. The transfer of his interest to them entitled them to

have the action continue in his name, or the court might allow them to be substituted for him. (Code Civ. Proc., § 385.) "To represent a person is to stand in his place, to act his part, exercise his right, or take his share. [Citation omitted.]"

"Being the legal representatives of the defendant the court was authorized upon such terms as might be just to relieve them from a default taken against him, through his mistake, inadvertence, surprise, or excusable neglect.

"After transferring his entire interest in the subject of the controversy, the defendant was only nominally a party to the action. The real parties in interest were his grantees. The entry of his default affected them, not him. It is the duty of all courts to construe the provisions of the Code 'liberally . . ., with a view to effect its objects and to promote justice.' (Code Civ. Proc., § 4.) And being satisfied that the moving parties were, upon the showing made by them, entitled to the relief granted, the order of the court below is affirmed." (Italics added.)

The provisions of section 4 of the Code of Civil Procedure have not changed since enacted in 1872. (*Cory* v. *Crocker National Bank* (1981) 123 Cal.App.3d 665, 669 [177 Cal.Rptr. 150].)

The fact that, in our case at bench, the transfer of all of the assignor's assets to the assignee for benefit of creditors had already taken place before defendant filed its cross-complaint against the assignor, is a distinction which weighs further in favor of granting the relief requested by the assignee. ▉ Plaintiff-assignee was the "legal representative" of the assignor and as trustee for all the creditors, was charged with the duty to defend the property in its hands against all unjust adverse claims.

▉ The policy behind the statutes relating to time limits and other procedural matters is less powerful than the policy which seeks to dispose of litigation on the merits rather than on procedural grounds. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]; see also *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 562 [194 Cal.Rptr. 773, 669 P.2d 9].)

*Relief from Default Taken by Surprise*

California Code of Civil Procedure section 473 provides for relief from judgment or order taken by mistake, inadvertence, surprise or excusable neglect.

■ "Surprise" referred to in the provision of this section is "some condition or situation in which a party to cause is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against." (*Baratti* v. *Baratti* (1952) 109 Cal.App.2d 917, 921 [242 P.2d 22].)

■ Plaintiff was not notified of the assignor's service of process or default being entered before the entry of the default judgment, and was thus taken by surprise.

Immediately after notice, plaintiff made a timely motion to set aside the default in compliance with section 473 of the Code of Civil Procedure.

We hold that the trial court abused its discretion in refusing the relief requested by plaintiff.

### Other Issue

We need not, and do not address the issue of whether the plaintiff was promised by defendant that it would be notified if and when service of process was made upon its assignor before entering the default.

### Disposition

The denial of plaintiff's motions is reversed as follows: The trial court is ordered to set aside the entry of default of Molnar & Associates, Inc. and the default judgment against it which resulted. It is further ordered to grant plaintiff's motion to be substituted in place of said assignor and to be allowed to defend against the cross-complaint of the defendant in assignor's name as its legal representative for the benefit of its creditors.

Thompson, Acting P. J., and Johnson, J., concurred.