FILED
United States Court of Appeals
Tenth Circuit

October 30, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STERLING CONSULTING
CORPORATION, a Colorado
corporation,

Plaintiff-Appellant,

v.

CREDIT MANAGERS
ASSOCIATION OF CALIFORNIA,
doing business as CMA Business
Credit Services, a California nonprofit
corporation; INDIAN MOTORCYCLE
COMPANY, a Delaware corporation,
IMCOA LICENSING AMERICA,
INC., a Delaware corporation; IMCOA
HOLDINGS AMERICA, INC.,
a Delaware corporation,

Defendants-Appellees.

No. 07-1019
(D.C. No. 05-cv-1573-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **McCONNELL** and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sterling Consulting Corporation appeals the district court's denials of its motion to strike the answer and other filings of Credit Managers Association of California (CMA) and motion for default against CMA and other defendants. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

Facing financial difficulties, assignors Indian Motorcycle Company, IMCOA Licensing America, Inc., and IMCOA Holdings America, Inc. (collectively, the Indian Entities), executed General Assignments for the benefit of their creditors in favor of CMA. The assignments transferred all of the Indian Entities' property, including their rights and obligations under a certain settlement agreement and indemnification agreement with Sterling. Sterling subsequently came to believe that these agreements had been breached. In August 2005, it brought a declaratory judgment action against CMA and the Indian Entities.

Sterling requested CMA waive service and accept process, and it served each of the Indian Entities with process. CMA waived service and accepted process in its capacity "as Assignee under an Assignment for Benefit of Creditors." Aplt. App. at 127. Also "as Assignee," it accepted service for the Indian Entities. Aplee. Supp. App. at 196, 198, 200. In November 2005, CMA answered the complaint in its capacity as assignee. The Indian Entities never filed responsive pleadings on their own behalf.

In September 2006, Sterling moved to strike CMA's answer and subsequent filings and moved for default against the Indian Entities and CMA in "its

individual corporate capacity."[1] Aplt. App. at 151. It argued that CMA "as assignee" was not a separate entity capable of being sued and that Sterling in fact had sued CMA in its own capacity, not as an assignee. It further argued that the Indian Entities had not responded to the complaint and that CMA had no legal ability to conduct litigation for the Indian Entities. The district court, through the magistrate judge acting by consent of the parties under 28 U.S.C. § 636(c), denied Sterling's motions and granted summary judgment to CMA. Sterling appeals only the denials of the motion to strike and the motion for default.

*Motion to Strike*

Sterling argues that CMA as assignee was not named or served in this case, and that it simply has participated improperly without intervening. We review the district court's decision on Sterling's motion to strike for abuse of discretion. *See Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1377 (10th Cir. 1996). A district court abuses its discretion when it issues an "arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quotation omitted). In addition, "a decision based on an erroneous view of the law is an abuse of discretion." *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

---

[1] Sterling notes that the term "individual corporate capacity" was used in the district court to distinguish CMA itself from CMA acting in another capacity, such as assignee. Like Sterling, "[e]ven though the word 'individual' is peculiar in this context," we shall use the term "for continuity." Aplt. Br. at 7 n.3.

-3-

The district court did not abuse its discretion in denying Sterling's motion to strike. First, the motion was untimely. Federal Rule of Civil Procedure 12(f) allows twenty days for a motion to strike, yet Sterling's motion was filed *ten months* after CMA's answer. When questioned by the district court, Sterling did not offer any convincing explanation for the delay. Supp. Aplee. App. at 259-62. Second, Sterling's argument that CMA as assignee was never served and was not a party is unpersuasive. CMA's capacity was not listed in the caption. It clearly accepted service in its capacity as assignee, Aplt. App. at 127, and it answered as assignee, *id.* at 129, 130. By letter dated January 31, 2006, CMA's counsel informed Sterling's counsel that he represented CMA only in its capacity as assignee and that he had accepted service only on behalf of CMA as assignee. Aplee. Supp. App. at 204. He stated, "[i]f in fact Sterling intended to sue CMA all along (and not the Assignee), please inform me immediately so that the Assignee can withdraw its appearance and you can proceed with serving CMA." *Id.* at 206. Sterling apparently did not take any further action on the issue until it filed its motion to strike eight months later. The district court's denial of the motion to strike was neither arbitrary, capricious, whimsical, or manifestly unreasonable, nor did it constitute legal error.

*Motion for Default*

Sterling also argues that the district court should have granted it a default judgment against CMA in its individual corporate capacity and against the Indian

Entities because CMA appeared only as assignee and the Indian Entities never appeared at all. We review the district court's decision to deny a motion for default for abuse of discretion, *Dennis Garberg & Assocs.*, 115 F.3d at 771, but we review the district court's determination of the underlying legal questions de novo, *cf. King v. PA Consulting Group, Inc.*, 485 F.3d 577, 592 (10th Cir. 2007) (holding that an attorney-fee determination is reviewed for abuse of discretion, but underlying legal principles are reviewed de novo).

The district court denied the motion for default on the ground that CMA in its individual corporate capacity was not a party to the litigation. It also held that, under California law, CMA as assignee was the legal representative of the Indian Entities with regard to property subject to the assignment. *See Credit Managers Assoc. of S. Cal. v. Nat'l Indep. Bus. Alliance*, 162 Cal. App. 3d 1166, 1171-72 (Cal. Ct. App. 1984). These determinations were not legally incorrect or otherwise an abuse of discretion.

As discussed above, when CMA accepted service, it did so "as Assignee under an Assignment for Benefit of Creditors." Aplt. App. at 127. CMA never accepted service in its individual corporate capacity, as distinguished from its capacity as an assignee, and Sterling never served process on CMA in its individual corporate capacity. Thus, the district court correctly determined that CMA in its individual corporate capacity was not a party to the lawsuit.

Moreover, California law permits an assignee to act on behalf of an assignor in litigation. In *Credit Managers Association*, the California Court of Appeal held that the trial court erred in refusing the assignee's request to vacate a default judgment against the assignor, so that the assignee could defend the case. 162 Cal. App. 3d at 1173. "An *assignee* or grantee is a legal representative of the *assignor* or grantor in regard to the thing *assigned* or granted. . . . After transferring his entire interest in the subject of the controversy, the defendant was only nominally a party to the action. The real parties in interest were his grantees." *Id.* at 1172 (quotations omitted). "Plaintiff-assignee was the 'legal representative' of the assignor and as trustee for all the creditors, was charged with the duty to defend the property in its hands against all unjust adverse claims." *Id.* Because their legal representative appeared and defended the lawsuit, the Indian Entities were not in default.

Sterling argues that it may bring claims against an assignor if it so chooses. Its complaint, however, focused on defendants' failures to require a third party to adopt the settlement agreement and indemnification agreement, which were among the things assigned to CMA. The district court appropriately construed the claim as directed toward the real party in interest, CMA as assignee.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Chief Circuit Judge