Filed 11/13/13  Hedman v. Aurora Loan Services CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| KEITH O. HEDMAN et al., | |
| Plaintiffs and Appellants, | C069453 |
| v. | (Super. Ct. No. 39201100260395CUFRSTK) |
| AURORA LOAN SERVICES LLC, | |
| Defendant and Respondent. | |

Plaintiffs Keith and Adrialyn Hedman retained attorneys to pursue claims involving their home mortgage.  The attorneys filed a complaint, defendant Aurora Loan Services LLC (Aurora) filed a demurrer, and the trial court sustained the demurrer with leave to amend, giving the Hedmans 20 days to file an amended complaint.[1]

---

[1] The complaint is included in Aurora's request for judicial notice filed on September 10, 2012.  In addition, the demurrer and reply in support of demurrer are

1

Forty-three days later, with no amended complaint on file, the trial court granted Aurora's application to dismiss the original complaint with prejudice. The trial court subsequently denied the Hedmans' motion for reconsideration and to set aside the judgment on grounds of mistake or inadvertence.

The Hedmans contend on appeal that the judgment of dismissal is void because they did not receive proper notice of the ruling on demurrer. In the alternative, they contend the trial court should have granted their motion to set aside the judgment based on inadvertence, surprise and mistake.

We conclude there is substantial evidence that the Hedmans had sufficient notice of the ruling to support dismissal, and the trial court did not abuse its discretion in declining to vacate the judgment.

We will affirm the judgment.

BACKGROUND

The Hedmans filed a 12-count, 51-page complaint on March 23, 2011, and served it several weeks later. Among other things, the complaint alleged that although the Hedmans were current in their mortgage payments, Aurora and other named defendants artificially manufactured a default situation and initiated illegal foreclosure measures. The complaint identified counsel for the Hedmans as Rey Hassan with the Hassan Law Firm, and Anthony P. X. Bothwell with the Law Offices of Anthony P. X. Bothwell.

One of the other named defendants demurred on May 19, setting a hearing date for June 22. Using the same hearing date, Aurora filed a demurrer on May 24, and the Hedmans filed an opposition to Aurora's demurrer on June 9. The trial court issued a tentative ruling on June 21, stating: "Appearance is required." On June 22, the scheduled hearing took place. The trial court's June 22 minute order noted that defense

included in Aurora's supplemental request for judicial notice filed on September 10, 2012. The requests for judicial notice are granted.

2

counsel was present but one of the Hedmans' attorneys "phoned and advised the Court that [he] will not be attending hearing due to another commitment in Southern California and not being able to access courtcall."

After the hearing, the trial court sustained the other defendant's demurrer without leave to amend, sustained Aurora's demurrer with 20 days leave to amend, and ordered defense counsel to prepare a formal order.[2]  Aurora filed a notice of ruling on June 30, together with proofs of service dated June 29.  Aurora submitted a formal order on July 21, 2011.  The trial court signed the formal order the same day.

On August 1, Aurora filed and served an ex parte application to dismiss the complaint for failure to amend, seeking a hearing on August 2.  An accompanying declaration stated that on June 29, Aurora's counsel served the notice of ruling by mail and facsimile on attorney Rey Hassan, and then called Hassan midday on July 29 to provide notice of the ex parte application.  The Hedmans filed an opposition to Aurora's application for dismissal on August 1, together with a request for extension of time to file an amended complaint.

The Hedmans' opposition to dismissal did not include a proposed amended complaint, but it did include declarations stating that neither Hassan nor Bothwell received Aurora's notice of ruling by facsimile or by mail, that Hassan's law clerk searched for but did not find any evidence of the trial court's ruling on the trial court's website before July 13 (the last time the law clerk checked the website) and that the Hedmans did not know about the ruling on demurrer before Aurora's attorney called about the ex parte application on July 30.[3]

---

[2]  There are no issues on appeal regarding the other defendant, CMG Mortgage.

[3]  A case report from the trial court's website is part of the record.  Although it does not indicate when entries were posted, it includes no fewer than eight entries about the

On August 2, the trial court heard arguments from counsel and took the matter under submission. On August 4, the trial court dismissed the complaint, finding that notice of the ruling on demurrer, which included the time limit for amending the pleading, was served on the Hedmans on June 29 and the time for amendment had expired with no stipulation or order to extend it.

On August 15, the Hedmans filed a motion for reconsideration and, in the alternative, to set aside the judgment pursuant to Code of Civil Procedure section 473. Accompanying the motion was an eight-count, 39-page proposed first amended complaint. The motion claimed the Hedmans did not receive notice of the trial court's order giving them 20 days to amend the complaint.

The trial court heard arguments on September 27, took the matter under submission, and denied the motion for reconsideration and to set aside the judgment on November 30.

DISCUSSION

I

The Hedmans contend the trial court's order dismissing the complaint with prejudice is void for lack of notice. Their argument is based on Code of Civil Procedure section 472b, which provides that when a demurrer is sustained and the time to amend is given, the time runs from service of the notice of the decision or order. The Hedmans contend they never received written notice of the trial court's order giving them 20 days to amend. They say their first knowledge of the order came in a telephone call from Aurora's counsel after the time to amend had expired.

But there is evidence in the record that the Hedmans had notice. Counsel for the Hedmans filed a written opposition opposing Aurora's demurrer. Although the

---

demurrer ruling between the date of hearing and the date the application for dismissal was filed.

4

opposition is not in the appellate record, the record contains Aurora's reply which responded to the opposition. Thus, counsel for the Hedmans was aware of the hearing on demurrer. Rey Hassan called the trial court to say he would not be attending the hearing due to another commitment.

Counsel for Aurora stated under penalty of perjury that on June 29, after the ruling on demurrer, he served the notice of ruling on Rey Hassan by facsimile and by mail. The proof of service for the notice of ruling was signed by Brenda Martin on June 29, declaring under penalty of perjury that she sent the notice by facsimile and also mailed it. Because there is evidence that counsel for the Hedmans never agreed to service by facsimile, service was effective only by mail. (Code Civ. Proc., § 1013, subd. (e).)

Service by mail is complete when a notice is deposited in the mail, but the time for acting on the right or duty described in the mailed notice is extended by five calendar days. (Code Civ. Proc., § 1013, subd. (a).) If the notice of ruling was mailed on June 29, as sworn, the amended complaint was due on July 25. Aurora's counsel began the process of requesting dismissal on July 29. On August 2, the trial court heard arguments from the parties and reviewed the evidence they presented about whether the notice was effective. On August 4, the trial court dismissed the action with prejudice, concluding that Aurora notified the Hedmans by mail on June 29.

A letter correctly addressed is presumed to have been received. (Evid. Code, § 641.) The presumption is rebuttable and a trial court makes a credibility determination when there is a dispute over whether an item placed in the mail was actually received; so long as the trial court's decision was based on substantial evidence, the credibility determination is binding on appeal. (*Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 421.) In this case, the trial court was presented with sworn statements that the notice was sent and that it was not received. The trial court found that the Hedmans were served with notice, and substantial evidence supports the trial court's determination.

Nonetheless, the Hedmans argue they were denied due process because there is no proof that they actually received notice. They cite several cases, but the cases are distinguishable. In *Lovato v. Santa Fe Internat. Corp.* (1984) 151 Cal.App.3d 549, an appellate court found a default judgment void for lack of notice because notices had been mailed only to a suspended attorney who no longer represented the party. (*Id.* at pp. 553-554.) In *Reid v. Balter* (1993) 14 Cal.App.4th 1186, a sanction of dismissal for not attending a status conference was overturned because the only notice the trial court provided was a warning of possible removal from the trial court's " 'civil active list.' " (*Id.* at pp. 1189, 1193.) In *Datig v. Dove Books, Inc*. (1999) 73 Cal.App.4th 964, a judgment of dismissal for failure to file a timely amended complaint was set aside because there was no notice of an ex parte application to dismiss and also because a timely amended complaint *had* been filed. (*Id.* at pp. 977, 979.) And the appellate court in *Burbank v. Continental Life Ins. Co*. (1934) 2 Cal.App.2d 664 simply upheld a trial court's decision to void its own order of dismissal. (*Id.* at p. 668.) None of the cited cases persuades us that the trial court erred in dismissing the Hedmans' action or that it denied the Hedmans due process.

II

The Hedmans also claim the trial court should have granted their motion for reconsideration and to set aside the judgment because of inadvertence, surprise and mistake. We will not address the portion of the Hedmans' motion that sought reconsideration, because that portion is not appealable. (*Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1458.)

We review a trial court's denial of a motion for relief under Code of Civil Procedure section 473 for abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc*. (2002) 28 Cal.4th 249, 257.) But "the discretionary relief provision of [Code of Civil Procedure] section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.' " (*Id.* at p. 258.) Conduct involving

6

professional negligence, such as failure to timely object or to properly advance an argument, are not excusable.  (*Id.* at p. 258.)  Although courts may liberally relieve parties of inadvertent defaults, they " ' "do not act as guardians for incompetent parties or parties who are grossly careless as to their own affairs." ' "  (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1415.)

The Hedmans cite inapposite cases for the proposition that controversies should be decided on their merits.  (*Riskin v. Towers* (1944) 24 Cal.2d 274; *Credit Managers Assn. v. National Independent Business Alliance* (1984) 162 Cal.App.3d 1166.)  But here, Rey Hassan was aware of the demurrer hearing but informed the court he would not appear because he had another commitment.  He did not arrange for another attorney to appear in his place.  There is no evidence that his office telephoned opposing counsel or the trial court to find out what happened at the demurrer hearing.  And despite the pleading defects identified in the demurrer, the Hedmans' counsel did not seek to immediately file an amended complaint.  When Aurora moved to dismiss for failure to amend the complaint, counsel for the Hedmans submitted an opposition but did not submit a proposed amended complaint.  They did not do so until after dismissal was ordered and they made their motion to set aside the judgment.

On this record, the trial court did not abuse its discretion in declining to grant relief.  (See *Hopkins & Carley v. Gens, supra,* 200 Cal.App.4th at p. 1415.)

DISPOSITION

The judgment is affirmed.


                                                    MAURO _____, J.


We concur:


_____ BLEASE _____, Acting P. J.


_____ HULL _____, J.