Filed 6/15/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| PACIFICA FIRST NATIONAL, INC., et al., | B298292 |
| Cross-complainants and Respondents, | (Los Angeles County Super. Ct. No. BC602042) |
| v. | |
| ARIE ABEKASIS, | |
| Cross-defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Linfield, Judge. Affirmed.

Robert F. Smith for Cross-defendant and Appellant.

Abdulaziz, Grossbart & Rudman, Kenneth S. Grossbart and Bruce D. Rudman for Cross-complainants and Respondents.

————————————

Arie Abekasis defaulted on a civil case and appeals the trial court's denial of his motion to set aside the default. We affirm.

Abekasis had a role in construction projects and sued Pacifica First National, Inc. and others. We call these related entities Pacifica. We do not know the particulars of Abekasis's suit because he excluded his complaint from our record. Leslie Richards was Abekasis's lawyer at the time.

Abekasis's complaint triggered a cross-complaint from Pacifica. The service of Pacifica's cross-complaint on Abekasis created the issue in this appeal. Pacifica included a proof of service of process against Abekasis, via service on Abekasis's lawyer Richards. Abekasis did not answer, so Pacifica took Abekasis's default. Abekasis moved to set aside the default about six months later, arguing service was improper. The court denied this motion.

When Abekasis filed this motion, he brought in a new lawyer named Wilfred J. Killian. Killian's motion to set aside the default had less than four pages of text. There were some declarations, but none from Richards.

Killian's motion for Abekasis was deficient. The key witness about the validity of service on Richards was Richards, and Killian elected to leave Richards out of the motion. The motion thus lacked evidence to prove the service was bad.

Indeed, Abekasis's motion was doubly deficient. Abekasis filed his own carefully-worded four-sentence declaration saying he was president of another party, Diditan Group, and *Diditan Group* was never served with the cross-complaint. Abekasis did not say *he* personally had never been served.

At the moment of truth, the two people who would know about the vital issue remained mum.

Pacifica opposed the motion to set aside the default, pointing out these flaws. Abekasis replied with a page and a half of text. Thereafter Abekasis filed supplemental declarations.

The trial court issued its tentative ruling, heard argument, and adopted its tentative ruling as its final order.

There is no transcript of this hearing. When appreciable sums are in play, it is mysterious why lawyers on both sides think the small cost of court reporting is a good cost to avoid. We publish this opinion in part to discourage misplaced thrift.

The trial court denied Abekasis's motion on multiple grounds, including his failure to prove service on Richards was defective.

The trial court was right to deny the motion to set aside the default. Abekasis did not prove the service on Richards was bad. Pacifica put a proper proof of service form into evidence. The burden on Abekasis then was to prove this apparently-proper document was invalid. (*Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795.) In this quest, Abekasis failed. His motion contained no evidence from him or Richards to rebut the form's weight.

Abekasis appeals with 12 invalid arguments.

First, Abekasis claims his own declaration shows he did not receive the cross-complaint. This is inaccurate. A straightforward reading of his declaration is *Diditan Group* had not been served. If Abekasis wanted to say he *personally* also had received no service, a simple declarative sentence was all he needed. He skipped that.

Second, Abekasis claims his attorneys also filed declarations saying there was no proper service. This too is inaccurate. There was no declaration from Richards with the

motion Killian filed. Declarations from other lawyers that *they* did not get service were immaterial. Killian eventually filed a declaration from Richards, but only after Killian filed his reply to Pacifica's opposition. Even then, Richards did not deny Pacifica had served her with the cross-complaint. Abekasis thus offered no valid proof the service was bad.

Third, Abekasis raises new arguments on appeal about Pacifica's proof of service. Abekasis now claims the person who signed Pacifica's proof of service checked two boxes instead of one and should have filed a declaration in the trial court. Abekasis forfeited these points by failing to raise them in the trial court.

Fourth, Abekasis cites *Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 696, and says it means any doubts about whether to grant relief from default must be resolved in his favor. But there were no doubts here.

Fifth, Abekasis cites *Rosenthal v. Garner* (1983) 142 Cal.App.3d 891, 895, which held actual notice means genuine knowledge and does not contemplate notice imputed to a principal from an attorney. This holding is not pertinent here. Similarly, *Credit Managers Association of Southern California v. National Independent Business Alliance* (1984) 162 Cal.App.3d 1166, cited by Abekasis, has no bearing on this case. That case involved a plaintiff-assignee who first learned of service of a cross-complaint on the assignor and of the resulting default *after* default judgment had been entered. (*Id.* at p. 1173.) But unlike that case, there was no surprise here.

Sixth, Abekasis cites *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 983, which held equitable relief was proper when the court clerk gave incorrect advice about the size of a filing fee.

4

Abekasis's motion to set aside the default offered no such showing. *Rappleyea*'s holding has no application here.

Seventh, Abekasis argues courts normally set aside defaults when there is little prejudice to the opposing party. Pacifica correctly notes this presumes a proper motion in the first place. Abekasis does not return to the topic of prejudice in his reply brief, which is a concession.

Eighth, Abekasis maintains "[t]he term extrinsic fraud or mistake is defined liberally." Abekasis's motion to set aside the default did not establish extrinsic fraud or mistake, however one might define these terms. His motion asserted Pacifica did not serve him but failed to prove it. That ended the matter.

Ninth, Abekasis contends his motion asked for equitable relief and argues one lawyer took advantage of another here. The motion, however, established no grounds for equitable relief. Only after the motion was filed and after briefing on the motion ended did Abekasis raise a purported agreement between the parties to set aside the defaults of Abekasis and others. Abekasis forfeited arguments relating to the purported agreement by excluding them from his trial court motion.

Tenth, Abekasis submits the absence of a reporter's transcript is not fatal to his appeal. What is fatal to Abekasis's appeal is the invalidity of his motion. Because he chose not to retain a court reporter, the slim text of that motion is what we have to go on, and that motion lacked merit.

Eleventh, Abekasis writes "[t]he traditional disfavor of trial judges for mandatory relief needs to be corrected." These pages pinpoint no error by the trial court. To the extent Abekasis is arguing he was entitled to mandatory relief from default under section 473 of the Code of Civil Procedure, this argument is

incorrect.  Abekasis's motion referenced only discretionary relief under this provision; it does not discuss mandatory relief. Abekasis thus never informed the trial court of an intention to move for mandatory relief.  He cannot now complain such relief was not awarded.  (See *Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1121, 1126.)

Twelfth, Abekasis suggests "[t]he size of default [judgments] needs to be [reined] in."  "Those of us who have been in the legal field for decades have seen the size of default judgments rise many times more than the consumer price index." "The entry of gargantuan default judgments has become an epidemic."  The record identifies no trial court mistakes and does not support these claims.  The record includes neither the filings proving up the judgment nor a complete copy of the cross-complaint so that we might know the scope of damages claimed.

## DISPOSITION

We affirm the judgment and order Abekasis to pay the respondents' costs.


WILEY, J.


We concur:



BIGELOW, P. J.



GRIMES, J.